*Ex parte* VAN RIPER, a non-resident debtor.

In a *proceeding by attachment* against a *non-resident* debtor, who is sought to be charged as a director of a foreign bank, the president and directors of which are by its charter declared to be *individually liable* for all notes, &c. issued by the bank, it is not necessary for the purpose of showing *personal liability*, that the charter should be produced as part of the *preliminary proofs*, on the application for process.

On a motion to set aside the attachment, the court will enquire into the *personal liability* of the person sought to be charged; and will hold him personally liable if the charter of the bank declares that he shall be so held.

It is no objection to the *remedy* by attachment, that the act of incorporation gives an *action* in the ordinary mode, in which the plaintiff may declare, &c. A party to whom *an action* is thus given, is not confined thereto, but may resort to any form of remedy known to the law, and he may do so in *any place* where the debtor or his property can be found.

MOTION to set aside an attachment. On the 31st May, 1839, an attachment was issued by the circuit judge of the first circuit against the real and personal property of Cornelius G. Van Riper, as a non-resident debtor, under 1 *R. S.* 764, 2*d ed.* § 1, *sub.* 2, *et seq.* The non-residence of Van Riper was duly shown by the affidavits of two witnesses. The petition for the attachment was presented by T. S. Underhill and J. T. Smith, who stated that they, as partners in trade, had a demand for $3,676, over and above all discounts, arising on a certain check or draft of the Manufacturers' Bank of Belleville upon the Merchants' Bank in the city of New-York, dated 5th April, 1839, for the sum stated, of which check they the applicants were holders and owners, and which had been duly protested for non-payment: that Van Riper was, by the act of incorporation of the Manufac-

turers' Bank of Belleville, made *personally liable* as a director thereof at the time of the making of the check. They also stated that they had another demand arising upon certain promissory notes of the same bank, payable to bearer, of which they the applicants were also the holders and owners. The applicant Underhill made affidavit that the facts set forth in the petition were true ; that Van Riper was justly indebted to his firm in the amount and manner stated, over and above all discounts arising upon the check, &c. " upon which the said C. G. Van Riper is, by the charter of the said bank, personally responsible as a director thereof."

A motion was made to set aside the attachment, mainly on the ground that an attachment will not lie against a corporate director of the Belleville Bank, inasmuch as the remedy given by the charter is *local* to New-Jersey ; or at any rate, being prescribed by the charter, creditors are bound to follow it strictly. It was also insisted that the papers on which the attachment issued were insufficient, inasmuch as the charter of the bank was not produced to the circuit judge, nor was it properly in evidence before him. That the provision in the charter imposing personal liability was stated in a general way by affidavit ; whereas, it should have been shown particularly.

A copy of the charter was produced on the motion by the counsel for Van Riper, who was named in it as one of thirteen directors. It was passed in February, 1834, and is an act of incorporation conferring the power of conducting the business of the bank on the board of directors. The 14th section provides that the president and directors shall jointly and severally be and continue liable, individually, to every creditor, for the payment of any bills obligatory or of credit, note or notes, that they or any of them may issue or circulate, and upon demand being made at the bank during the usual hours of business, and refusal thereof, an action may be brought against the persons then acting as president and directors, jointly or severally ; and that it shall be lawful for the plaintiff or plaintiffs to declare generally for money had and received, with a specification of dates, sums,

. payees, and numbers of the bills or notes, &c., and that upon judgment, &c. execution shall issue.

*W. Rutherford*, for the motion.

*R. Lockwood*, contra.

*By the Court*, Cowen, J.   Was the proof of the debt sufficient in the first instance ?   I think it was.   The statute declares, § 3, that the application may be made by any creditor, &c. having a demand against the debtor *personally*, arising upon contract, &c. amounting to $100 or upwards, &c.   By § 4, the application is to be in writing, and verified by the affidavit of the creditor, &c. in which shall be specified the sum, &c. over and above all discounts, &c. and the grounds, &c.   The objection for insufficiency is founded mainly on the supposed defect in not showing, by production of the charter, how the personal liability of Van Riper arose.   That was not necessary.   Had the proof, at the outset, stated that he was a *corporator*, then *prima facie* he would not have been personally liable, and it must have been shown how he came to form an exception to the general rule which exempts the member of an aggregate corporation.   But the application did not state that the Belleville Bank was incorporated, nor imply that, except in the clause charging personal liability.   The bank might have been a mere partnership or joint stock company ; and that, I think, must have been intended upon the language of the application, had it not gone on to show how the liability arose.   The common law favors the personal liability of the members for all the debts of a company.   Exemption is an exception, to be shown by the other side.   Strictly, therefore it was not necessary to show at all how Van Riper came to be personally liable.

But if it were necessary to show personal liability specially, it was sufficiently done.   The statute does not require primary proof, but only an affidavit ; nor does it demand the same particularity of statement as in a declaration.   The affidavit must show that the demand arose on contract, and the amount due.   These are

the two great objects. They give jurisdiction to the commissioner so far as the debt is concerned, and may be stated in a general way. *See* § 3 *and* 4. *Matter of Hollingshead,* 6 *Wendell,* 553. *Matter of Gilbert,* 7 *id.* 490, 491.

Then is Van Riper personally liable upon the charter now shown within the meaning of the non-resident attachment statute ? This is a material inquiry ; for *personal* liability is made an express ingredient of jurisdiction. To this the charter is express. The president and all the directors are, by the charter, made jointly and severally liable, as individuals.

But the charter, after declaring that they shall be personally liable, immediately goes on to provide that a joint or several action may be brought, and the plaintiff may declare in a general form. It is objected that the directors being corporators and not liable at the common law, but the statute raising their liability and in the same section giving a remedy, that alone must be pursued. The answer is, that contracting as an agent and director under such a charter, is the same in legal effect as if the directors had signed and bound themselves as principal drawers or makers in their capacity as natural persons. The subsequent provision in the statute was obviously intended merely to give the plaintiff a more general and easy remedy at his option. It neither expressly denies the general remedies given by law against debtors, nor is there any rule of construction which attaches an implied denial of those remedies to such a clause. No doubt a state may pass a law tying a creditor up to a certain remedy on a contract, where the law is passed prior to the contract being made. As the creditor then knows the law, he contracts *cum onere.* But the case at bar presents no such instance. The charter does not confine the creditor to any particular remedy. It raises in his favor a debt against an individual, and leaves his remedy to the general methods of the law. This view also answers another objection taken, that the remedy given by the charter is local to the state of New-Jersey. The charter in fact institutes no remedy. It binds Van Riper as a debtor. It raises a debt against him, which may, in its own nature, be enforced wherever the

debtor or his property can be found, according to the forms of law at the place where found.

My opinion is, that a complete case of unqualified personal liability is made out within the meaning of the non-resident debtor act, and that the motion to set aside the proceedings must be denied.