JAMES T. DERRICKSON, JAMES GAUNT and JOHN CLAPP *vs.* FRANCES SMITH and SEDGWICK R. SMITH, administrators of John Smith, deceased.

By the law of the State of New York, certain corporations, therein named, are required to report annually, within twenty days after the first day of January, the condition of their affairs, and to have the report published; and on failure to do so, all the trustees of such corporation to be jointly and severally liable for all debts then existing, and for all that shall be contracted before such report shall be made; *held*, that an action brought by a creditor of the company against a trustee to recover on a liability incurred under that statute, cannot be enforced in this state.

Derrickson v. Smith.

This was an action of *assumpsit*, brought in the Morris Circuit Court.

The defendants filed a demurrer to the declaration, and the Circuit Court certified the case to this court for an advisory opinion.

The grounds of demurrer appear in the opinions delivered in this court.

Argued at February Term, 1858, before the CHIEF JUSTICE, and Justices ELMER, HAINES, and VREDENBURGH.

*Whelpley*, for plaintiffs.

*Dalrimple*, for defendants.

The CHIEF JUSTICE. This action is founded upon a provision of the statute of the State of New York, entitled, "An act to authorize the formation of corporations for manufacturing, mechanical, or chemical purposes," passed February 17th, 1848. By the 12th section of said act, it is enacted that every such company shall, annually, within twenty days from the first day of January, make a report, which shall be published in some newspaper published in the town, city, or village, or if there be no newspaper published in said town, city, or village, then in some newspaper published nearest the place where the business of said company is carried on, which shall state the amount of capital, and of the proportion actually paid in, and the amount of its existing debts; which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on : and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

Derrickson v. Smith.

The declaration avers that the defendants' intestate with others associated themselves, and formed a body corporate, under the provisions of the act, by the corporate name of the Congress Manufacturing Company; that the said corporation, having organized in accordance with the said law, on the 6th of January, 1853, commenced and carried on business in the city of New York; that during the time they were carrying on business they became indebted to the plaintiffs in the sum of $7000, for goods sold; that the defendant was a trustee of the said company at the time of its organization, and continued and acted as such trustee until the debt to the plaintiff was contracted by the company, and subsequent thereto; that the said company did not, as required by the said law, publish in any newspaper published in the city of New York, where the business of said company was carried on, a report stating the amount of the capital of the said company, and of the proportion actually paid in, and the amount of the debts existing against the said company, signed by the president and a majority of the trustees, and verified by the oath of the president or secretary of the said company, and did not file such report, signed and verified as aforesaid, in the office of the clerk of the county of New York, as required by the 12th section of said act, by means whereof the said trustees became jointly and severally liable to pay all the debts of the said company then existing, and all the debts that had been contracted by the said company prior to the making of such report.

The only question certified for the opinion of this court is, whether the neglect of the company to comply with the requirements of the statute of the State of New York entitles the plaintiffs to recover of the defendants in the courts of this state the amount of their claim against the corporation.

The declaration sets out the statute upon which the action is founded; the organization of the company under

the provisions of the statute; the indebtedness of the company to the plaintiffs; that the intestate became a trustee, and that while he was such trustee there was a failure of the company to perform the requirements of the statute, by reason whereof the defendant's intestate became liable to pay the amount of the indebtedness of the company to the plaintiffs.

The objection to the right of the plaintiffs to recover is, that the alleged liability of the defendant, being a mere creature of the statute of a foreign state, cannot be enforced out of the jurisdiction of such state.

The general principle is conceded, that penal laws are strictly local, and that the penal statutes of one state can have no operation in another state. *Story's Conf. of L.*, §§ 620, 621. But it is insisted that the provision of the statute which renders the defendant liable is not a penalty in any proper sense, but that the liability of the defendant is founded upon contract.

It has been decided in the State of New York, and seems to be now settled after some conflict of authority, that where a statute or act of incorporation declares that the individual corporators shall be jointly and severally liable for the debts of the corporation, such liability is not founded on the statute, and that a suit against the stockholder, to charge him individually with a debt contracted by the corporation, pursuant to a provision in the act of incorporation, is not an action upon the statute for a forfeiture. *Corning* v. *McCullough*, 1 *Comst.* 47; *Freeland* v. *McCullough*, 1 *Denio* 414; *Harger* v. *McCullough*, 2 *Denio* 119; *Moss* v. *Oakley*, 2 *Hill* 265; *Bailey* v. *Bancker*, 3 *Hill* 188; *Moss* v. *McCullough*, 5 *Hill* 131; *Moss* v. *McCullough*, 7 *Barb.* 279.

In such case it is held that the stockholders are liable, in an original and primary sense, like partners or members of an unincorporated association, and that their liability is not created by the statute of incorporation. That the effect of such enactment is to invest the company

with a qualified corporate capacity, and not to confer upon the stockholders, either directly or indirectly as the consequence of such incorporation or otherwise, any exemption or immunity from personal liability for the debts of the company, to be contracted in its corporate name and capacity.

Without calling in question the soundness of this conclusion, but conceding, for the purpose of the present inquiry, the law to be as settled by the result of these authorities, the present case does not fall within the reach of the principle. In the statute upon which those decisions were founded, the stockholders were declared to be liable for the debts of the corporation, in like manner as if they were members of an unincorporated company. The act of incorporation was so limited or qualified that it did not exempt the stockholders from individual liability for the debts contracted by the corporation; consequently each individual corporator became liable for every debt of the body corporate. Such liability he voluntarily assumed by becoming a member of the corporation. The personal liability of the stockholder to pay the debt is the immediate and necessary consequence of the contract made by the company. It becomes, by the terms of the charter, his debt.

It is clear that this reasoning has no application to the case now under consideration. It is not claimed that the defendant, by the act of incorporation, is individually liable, as a corporator, for the debts of the body corporate, or that his liability attached as a necessary result of the contract made by the company. His liability results from the failure of the trustees to comply with the requirements of the statute. It is, in fact, a penalty inflicted upon the trustees for a failure to perform a duty enjoined by the statute. It is immaterial whether that penalty be a specified sum or the payment of the debts of the corporation. In either case it is a penalty imposed by statute; nor is it perceived how the liability of the individual trustee to

pay the debts of the corporation can be said, in any proper way, to be founded on contract. It certainly did not result from the contract made by the corporation, nor from the defendant becoming a stockholder, nor from his accepting the office of trustee, but solely from the omission to comply with the statute. Now the acceptance of the charter, or the defendant becoming a stockholder, is doubtless an assent to the terms of the charter, but it is, in no appropriate sense, an engagement to pay the debts of the company, imposed as a penalty for violations of the charter. Such liability is clearly the creature of the statute.

In *Ex parte Van Riper*, 20 *Wend.* 617, it was held that the liability of a director of the Belleville Bank, incorporated by a law of this state, (*Pamph. Laws* 1833, *p.* 136,) for the debts of the corporation was a personal liability, which might be enforced in the State of New York. But in that case, also, the charter declared that the president and directors of the company should be individually, jointly and severally liable for the payment of any bills obligatory or of credit, note or notes, that they, or any of them, might issue and circulate. The contract of the corporation was virtually the contract of each director. The individual liability of the director was the immediate result of the contract, and was founded upon it. It is true that, in order to maintain an action against the individual director, a demand of payment at the bank and refusal was necessary. But this related to the mode of enforcing the remedy, and was not the foundation of the liability. The utmost effect which the provision could have upon the individual liability of the director, would be to place him in the position of a surety or guarantor for the payment of the debts of the corporation. But still his liability was the direct result of the contract of the corporation, which, by the provision of the charter, was virtually the contract of each director.

With every disposition to yield to the claims of comity,

and to sustain, as far as we lawfully may, what may be deemed the salutary legislation of a sister state, I am of opinion that there is no principle upon which the present action can be sustained in the courts of this state, and that the Circuit Court should be advised accordingly.

ELMER, J. The declaration sets forth at length an act of the legislature of the State of New York, entitled, "An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes." It is provided, by the twelfth section of this act, that certain annual reports shall be published and filed ; "and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." The due formation of a company under this act is then set out, of which John Smith was, and continued to be, one of the trustees. It is then averred that the said company, during the said time, became indebted to the plaintiffs in a sum named, for which they had obtained a judgment against the company in the Court of Common Pleas of the city and county of New York, which remained unsatisfied, and that no report was published or filed, as required by the said act, whereby the said John Smith became liable to pay the said debt, for which an action of *assumpsit* is brought against the defendants, his administrators. To this declaration there is a demurrer, and the question argued was, whether an action for this debt can be sustained in this state.

It is undoubtedly a general principle that the penal laws of one country cannot be taken notice of in another. *Ogden* v. *Foliot*, 3 *Term R.* 733 ; *State* v. *John*, 5 *Ham. O.* 217. The argument, therefore, turned on the point whether the liability imposed by the New York act is of the nature of a contract, which, by the comity at the present day, universal among civilized and commercial na-

Derrickson v. Smith.

tions, and fully recognized in the states composing the American Union, is enforced agreeably to the law of the state where it was made, or to which it has reference; or whether it is of the nature of a penalty imposed by way of punishment for a misfeasance in office.

The case is by no means free from difficulty; but the conclusion to which I have come is, that the liability imposed on the trustees for a neglect to file and publish a report, as the act requires, is in the nature of a penalty for an official neglect of duty, which cannot be enforced out of the jurisdiction of the state which imposed it, and which could not be enforced there against administrators. The case is very much like the action of debt given by statute against an officer who suffers a person in execution to escape, which it is held does not survive against an executor. *Williams on Executors* 1064. The statute in question enacts that, in the event of their being guilty of a particular neglect of duty, the trustees shall be liable to pay the debts of the company; which is the same in substance as a provision that, in the event of permitting an escape, the sheriff shall be liable to pay the debt for which the prisoner is in custody. There is no original liability in either case, and nothing in the nature of a contract between the creditor and the officers.

On behalf of the plaintiffs, the case was likened to the liability imposed by this same act, and by many special acts of incorporation, upon the stockholders and directors of the company. In such cases it has been held, I think correctly, that the stockholders and directors must be considered as original parties to the debt, so that their liability attached on the consummation of the contract with the corporation, and so that a provision in the acts requiring creditors first to obtain a judgment against the corporation, simply operated to defer the remedy against them until the remedy against the corporation should be exhausted. The liability is then the primary liability of partners, and is not created by the statute. *Moss* v. *Oak-*

ley, 2 *Hill* 268; *Ex parte Van Riper,* 20 *Wend.* 614; *Rector* v. *Buckhart,* 3 *Hill* 193; *Corning* v. *McCullough,* 1 *Comst.* 47; *Bond* v. *Appleton,* 2 *Mass.* 472.

By the provisions of the act now in question, the trustees are liable to the creditors of the company, as stockholders, to an amount equal to the amount of stock held by them respectively, which may very properly be considered as a part of the original responsibility upon the faith of which dealers contracted with the company. But superadded to this is a liability to the whole extent of the indebtedness, which is to arise out of a neglect of duty imposed on them as officers of the company. This neglect is in the nature of a tort, and the consequent liability is the penalty which they are to pay. It is altogether different from the original liability of a partner, and in my opinion cannot, by any fair reasoning, be brought within the terms of the original contract. Dealers with the company undoubtedly had a right to expect reports which would enable them to judge as to the solvency of the company; and so they would, had the neglect to make them been made punishable by indictment or by a specific penalty, payable to an informer or to the creditor. Had the neglect to report been followed by those consequences, it is undeniable that the defaulter could only be punished in his lifetime, and by proceeding in New York. The liability actually imposed is a liability expressly created by the statute, and never existed until the neglect occurred which entitled the creditors to claim it. The original indebtedness was that of the corporation and of the stockholders to the extent of their stock. The trustees, by neglecting to report, were made liable, by way of punishment for an offence.

I am therefore of opinion that the Circuit Court be advised to enter a judgment for the defendants.

VREDENBURGH, J. This suit is brought for goods sold. The declaration avers that the goods were sold by the

Derrickson v. Smith.

plaintiffs to the Congress Manufacturing Company, then a corporation of the State of New York. It is, therefore, upon its face, a demand upon one person for goods sold to another, and must, consequently, aver special circumstances showing the defendant's liability. These are, that by the 12th section of the general manufacturing law of New York, under which this corporation arose, it was enacted that every such company shall annually, within twenty days from the first of January, make a report, which shall be published in some newspaper in the city where the business is carried on, which shall state the amount actually paid in and the amount of the existing debts, which shall be signed by the president and a majority of the trustees, verified by the oath of the president, and filed in the county clerk's office; and that if any of the said companies shall fail so to do, all the trustees of the company shall be severally and jointly liable for all the debts of the company then existing and for all that shall be contracted before such report shall be made; that the said company commenced business on the 6th January, 1853, and continued their business until the 8th of June, 1855, and that during that time the said incorporation became indebted to them for goods sold to the said corporation; that the said defendants were trustees of said corporation from its organization until said 8th June, 1855, and when said debt was contracted; that the said corporation did not publish, as required by said act as aforesaid, twenty days before the 1st January, 1854, prior to which time said debt was contracted, by means whereof the defendants became liable to pay for the goods so sold to said corporation.

The circumstances here set forth would probably render the trustees liable in New York. Do they make them liable in New Jersey? It is urged by the defendants that this is a penal law, and not enforceable in this state. The first default of the trustees is averred to have been on the 20th of January, 1854, and that the debt was contracted

before that time. When the debt was contracted the defendants were not liable, but only the corporation. The goods were not sold on the credit of the defendants, but only on that of the corporation; the plaintiffs cannot say that they sold the goods to the corporation in 1853, upon any contract, express or implied, with the trustees, that at some time afterwards they, the trustees, would or might neglect to advertise; they trusted, and had a right to trust, the corporation upon no such speculation.

If the defendants have become liable, it is not because of any contract between them and the plaintiffs, but because long afterwards they neglected to do something they were commanded to do by statute. If they became liable at all, it was not by way of contract, but by way of penalty. The statute says the trustees shall advertise, and that if they do not they shall pay, not all their own debts, but all the debts of the corporation. The statute is clearly and purely penal. The declaration, although nominally upon promises, negatives all promises, and claims a liability upon a mere default. The case of *Corning* v. *McCullough*, 1 *Comst.* 47, and all the other cases cited by the plaintiffs' counsel, are cases against not trustees, but against stockholders, and who were such at the purchase of the goods, treating them as original contractors and partners; and where it appeared that the goods were sold upon the original credit of such stockholders, and where there was nothing in their acts of incorporation taking away from the stockholders their common law liability, but wherein, on the contrary, it was expressly provided that such liability should remain. But here all this is the reverse; here it is not the stockholders, but the trustees, who are made liable. The trustees are neither the more or less liable, whether they happened to be or not to be stockholders at the time of the creation of the debt. Here the statute takes away even the common law liability of the stockholders, and at any time after the creation of the debt, not the stockholders who contracted the debt, but persons

who may never have had anything to do, directly or indirectly, with the original liability, are made liable for it, not because they were contractors, but because they neglected to do a thing commanded by the statute.

This being a suit to enforce a penalty inflicted by a statute of the State of New York, it is clear that it cannot be enforced in this state. Penal laws are strictly local, and affect nothing more than they can reach. *Story's Conf. of Laws, ch. 16, § 620–621; Scoville v. Canfield, 14 Johns. R. 338.*

Let judgment be entered for the defendants.

HAINES, J., concurred.

CITED *in Bingham v. Claflin, 7 B. R. 419.*