Zipcey & another *v.* Thompson & another & trustees.

ABRAHAM ZIPCEY & another *vs.* HENRY G. THOMPSON
& another & trustees.

The eleventh section of ·*St.* 1836, *c.* 238, which provides that "no assignment or conveyance, made by any insolvent debtor to assignees or trustees, for the use of any of his creditors, shall be valid and effectual against an attachment or execution in behalf of any creditor who is not a party to it, unless it is so made as to allow all the creditors of the debtor to become parties to it, if they see fit," is not repealed by *St.* 1838, *c.* 163.

An assignment of property in this commonwealth, made in New York, by an insolvent citizen of that state, to a trustee for the benefit of creditors, giving a preference to certain creditors, also citizens of New York, is ineffectual as against an attachment made in this commonwealth by a citizen thereof.

THE trustees, in their answers, acknowledged themselves to be indebted to the defendants, and disclosed a notice from Henry W. Hicks and James M. Brown of the assignment hereinafter stated. Hicks and Brown appeared, and were admitted as parties to the suit, and claimed the funds in the hands of the trustees, under an indenture, whereby the principal defendants, being insolvent, assigned all their real and personal property and choses in action to the claimants, in trust to collect and dispose of the same, and apply the proceeds, first, to the payment of expenses; secondly, to the payment of the debts of the assignors to the firms of Brown, Brothers & Company, and Hicks & Company, of New York; thirdly, to the payment of their debts to two other firms named; fourthly, out of any surplus, to pay all the remaining debts of the assignors, or an equal proportion thereof; and lastly, to pay any residue to the assignors.

The plaintiffs and claimants submitted the case to the decision of the court upon the following facts: The defendants were and are citizens of New York, residing and doing business there, and while so residing, by a contract made at New York, sold merchandise to the trustees, who were and are citizens of Massachusetts, by which the latter became indebted to the defendants. The defendants, before the service of the trustee process, executed at New York the assignment above stated. By the law of the State of New York, an assignment by an insolvent debtoɪ to trustees for the benefit of creditors, whether of all or certain creditors, and whether preferring certain creditors,

or dividing the assigned premises *pro rata*, is valid, and of full effect to convey the assigned property to the trustees, as against all creditors of the assignor, whether the beneficiaries are parties to the assignment or not. The firms of Hicks & Company and Brown, Brothers & Company, of which firms the claimants were respectively members, severally assented to said assignment before the service of the writ. The assignment was intended to include the debts of the trustees to the defendants, admitted in their answers. The valid legal claims of the firms of Hicks & Company, and Brown, Brothers & Company, preferred by the assignment, are more than sufficient to absorb all the property of every description conveyed to the claimants by force of the assignment. The claimants and all the preferred creditors in the assignment are citizens of, and residents in, New York. At the time of the execution of the assignment, and of the service of this process, the defendants were indebted to the plaintiffs, then and ever since citizens of Massachusetts, in the amount sued for in this action, which is larger than the amount in the hands of the trustees.

The arguments were had at March term 1853.

*R. H. Dana, Jr.* for the claimants. 1. This assignment would have been valid to convey personal property in this state, before the adoption of the insolvent system. *Means* v. *Hapgood*, 19 Pick. 105. *Fall River Iron Works* v. *Croade*, 15 Pick. 11. 2. The personal property of the defendant was not subject to the insolvent system of this state, even by proceedings *in invitum*. *McDaniel* v. *King*, 5 Cush. 469. The case therefore is not affected by the reasons which governed the court in *Wyles* v. *Beals*, *ante*, 233. 3. A citizen of New York may pay his debt there, by an assignment made there of a debt, due him by a citizen of Massachusetts, contracted in New York; and this transfer, after notice to the debtor here, will be good against a subsequent attaching creditor here, although the New York assignor be insolvent at the time of the transfer, and though it be made through the intervention of a trustee. Story on Conflict of Laws, §§ 383, 384, 396, 399, 400, 410 – 417.

*H. C. Hutchins,* for the plaintiffs.

THOMAS, J.    The claimants seek to hold the funds under an assignment made in New York and valid by the laws of that state ; the plaintiffs, under this trustee process.

The law of New York, *proprio vigore,* cannot obtain here.    It derives its effect only from the rule of comity ; and that rule refuses to give force to laws of other states, which directly conflict with the policy of our own.

In this commonwealth, assignments in trust for creditors, and giving preference to one creditor or one class of creditors over another, are invalid.    By the statute of 1836, *c.* 238, § 11, the assignment under which the claimants seek to recover, if made in this state, would be ineffectual against attachment or execution.    The plaintiffs' process is one of attachment; and this section of the statute of 1836, not being inconsistent with the insolvent law of 1838, *c.* 163, is not repealed thereby.    *Carter* v. *Sibley,* 4 Met. 298.    *Edwards* v. *Mitchell, ante,* 239.

No comity can require us to give force to an assignment, made in another state, which is not only against our well settled policy, but against our direct legislation, and the effect of which would be to give a preference to citizens of other states over those of our own.                                        *Trustees charged.*