AARON ERICKSON & others *vs.* JOHN NESMITH.

An action at law cannot be maintained in this commonwealth to enforce the personal liability of a stockholder of a corporation established in another state for a debt of the corporation, if the laws of that state provide that the remedy against a stockholder upon a debt of the corporation in that state shall be by bill in chancery, and not otherwise.

ACTION OF CONTRACT against a stockholder in the Franklin Mills, a corporation duly established in New Hampshire by the laws of that state, to enforce a personal liability for debts of the corporation, under the Rev. Sts. of N. H. *c.* 146, § 3, and the N. H. Sts. of 1846, *c.* 321, §§ 1, 2, and 1856, *c.* 1852. The defendant demurred, because no liability existed from himself to the plaintiff in this commonwealth; and because, if such liability existed, it could not be enforced in this action. The parties agreed that it should be taken as part of the record, that by a statute of New Hampshire, passed on the 27th of June 1857, it was enacted that " all legal proceedings hereafter commenced against any individual stockholder in any corporation in this state for the collection of a debt against said corporation shall be by a bill in chancery and not otherwise."

*B. R. Curtis & D. S. Richardson*, for the defendant.

*J. C. Dodge*, for the plaintiffs.

BIGELOW, J. The plaintiffs contend that the statute passed by the legislature of New Hampshire in 1857, *c.* 1962, requiring proceedings to enforce the collection of a debt due from a corporation against an individual stockholder to be by " bill in chancery and not otherwise," affects only the remedy, and not the liability. Be it so. It does not follow that this action can be maintained. The laws of foreign states do not operate or have force here *ex proprio vigore,* but only *ex comitate.* The courts of a state where the laws of a foreign state are sought to be enforced will use a sound discretion as to the extent and mode of exercising this comity. They will not suffer foreign laws or statutes to work injury or injustice upon their own citizens, nor permit their tribunals to be used for the purpose of affording remedies which are denied to parties in the jurisdiction

of the state that enacted the law, and which tend to operate with hardship on their own citizens and subjects.

The liability on which the present action is founded is created solely by the statutes of the State of New Hampshire, and no proceedings could be there had to enforce it except by bill in chancery. That this remedy is more beneficent in its operation, and will work less hardship on parties liable as stockholders for the debts of a corporation than an action at law, cannot be doubted. It compels the party seeking to enforce it to join in the suit all the parties in interest who can be affected by the decree; it avoids multiplicity of suits, apportions the liability among all the stockholders, and, in the same suit which charges the stockholders, decrees a contribution from each stockholder of their respective shares of the general burden. *Hadley* v. *Russell*, 40 N. H. 109. But by an action at law, each creditor of the corporation may, as is attempted in the case at bar, pursue his separate remedy against an individual stockholder, compel him to pay the entire debt, and place on him the burden of obtaining contribution from those equally liable with himself. It is therefore clear that the plaintiffs in this action seek to enforce against the defendant a liability, created by the statutes of a foreign state, by a remedy denied to them in the courts of that state, and which operates with greater hardship on our citizens than the remedy provided by the statute itself, and which alone they could pursue in that jurisdiction. Nor is this all. If the plaintiffs were seeking to enforce a similar liability under a statute enacted by the authority of our own state, the same in terms with that existing in New Hampshire, it is clear that they could not maintain this suit at law, but must resort to a bill in equity, upon the well settled principle, that when a statute creates a right and prescribes a remedy, that remedy is exclusive, and no other can be pursued.

The comity which requires us, in the exercise of a judicial discretion, to give effect to foreign statutes here, will be sufficiently satisfied by allowing parties, in a case like the present, to use in our courts the same remedy, so far as it is available, as that prescribed by the same statutes to persons enforcing

their rights in the jurisdiction of the state that enacted the stat-
utes; but it does not require us to afford that remedy, operating
hardly on our citizens, which is denied to persons in the foreign.
jurisdiction, and which would not be allowed to them in seek-
ing to enforce a similar right under our own laws.

Whether the plaintiffs can maintain a bill in equity in this
jurisdiction to enforce their claim against the defendant, it is
not necessary now to decide. If they cannot, it will be because
the statute of the state which confers on them the right has
failed to provide a remedy which can be used beyond the limits
of its own territory. But such omission does not require us, as
a matter of comity, to afford another remedy which will operate
oppressively on our own citizens. *Demurrer sustained.**

---

* See *Erickson* v. *Nesmith,* 4 Allen, 233, and 46 N. H. 371.