### Aaron Erickson & others *vs.* John Nesmith & others.

A creditor of a corporation established in New Hampshire, the stockholders of which are individually liable for its debts under the statutes of that state, by reason of the failure to pay in the whole amount of the capital stock, cannot maintain a bill in equity in this commonwealth to enforce his claim against the stockholders, although some of them live here, and the bill is alleged to be brought in behalf of all the creditors.

Dewey, J.    The plaintiffs set forth in their bill in equity that they are the holders of sundry promissory notes to the amount of $19,300, of a certain corporate body known and incorporated by the name of the "Franklin Mills," duly organized under a charter obtained in New Hampshire, by which the said corporation were authorized to carry on the business of manufacturing cotton and woollen goods in the towns of Franklin and Northfield in said State; and they aver that the said notes are due and unpaid, although a demand has been made upon the corporation therefor.    The bill further alleges that the defendants are personally liable for the payment of said notes, having been stockholders in said corporation when the debts were contracted, and when they became due and payable.    Such personal liability is alleged to arise from certain provisions in the laws of New Hampshire, providing that the stockholders shall be jointly and severally liable for all debts and contracts of such corporation until the whole amount of the capital stock fixed by the company shall have been paid in, and a certificate thereof shall have

been duly recorded in the office of the clerk of the town where such corporation has its place of business, or is situated. A further provision is also found in the same statute, making the stockholders of such corporation liable for debts of the corporation in case the company shall fail to give notice annually in the month of May, to the governor, of the amount of debts due to and from said corporation, and the value of the property and assets of said corporation. An amendment was subsequently allowed, alleging that the bill was brought in behalf of all the creditors.

The defendants filed a general demurrer.

Independently of the statute provisions, no responsibility for the payment of these notes would attach to the defendants. The legal body who alone would be held the debtor would be the corporation.

The inquiry is, whether these statute provisions of the State of New Hampshire can furnish a legal ground for the courts of Massachusetts to charge the defendants in a bill in equity with the payment of the indebtedness of the corporation upon these notes. An attempt has heretofore been made to do so in an action at law by the plaintiffs against John Nesmith, one of these defendants. The court refused to sustain such action, and by so doing necessarily held that the liability of the stockholders was not that of an ordinary contractor, on an original indebtedness, which could of course be enforced here, as well as in New Hampshire, against a resident here. Indeed, it was expressly said that " the liability on which the present action is founded is created solely by the statute of the State of New Hampshire." *Erickson* v. *Nesmith*, 15 Gray, .

It is true, the principal ground assigned for refusing to entertain the action was that no such action was allowed to be maintained in New Hampshire against a stockholder, by those laws, a bill in equity being there required, in which, under the decision of their courts, all the stockholders must be made defendants, and, as it would seem, the suit must be brought in behalf of all the creditors. This was a sufficient reason for dismissing that action; but the court were careful not to express any

opinion upon the question whether even a bill in equity could be maintained against a citizen of Massachusetts, in the courts of Massachusetts, for the purpose of charging him with the statute liability created solely by virtue of the laws of New Hampshire. The court in that case say, as to that matter, if such bill in equity will not lie, " it will be because the statute of the state which confers on them the right, has failed to provide a remedy which can be used beyond the limits of its own territory."

We have long had statutes substantially similar to those under which the defendants are sought to be charged. The construction put upon them by this court has been that the individual liability of stockholders in manufacturing corporations was one of a particular and limited character, or to be enforced only in the mode, and by the use of the particular remedy, named in the statute. Thus it was held, under *St.* 1808, *c.* 65, that the liability did not constitute a charge upon the estate of a deceased stockholder. *Child* v. *Coffin*, 17 Mass. 64. *Ripley* v. *Sampson*, 10 Pick. 370. In *Andrews* v. *Callender*, 13 Pick. 490, it was said by the court that " the liabilities of the individual members of the corporation are created by the statute ; and it is clear that at common law the corporation only would be liable."

These cases were before the enactment of Rev. Sts. *c.* 38, but apply equally to the latter statute. In *Gray* v. *Coffin*, 9 Cush. 199, it is said that this individual liability is one depending upon the provisions of positive law, and is to be construed strictly. In *Dane* v. *Dane Manufacturing Co.* 14 Gray, 488, it was held that this liability is not one that survives, and requires the executor to appear in the case, and take upon himself the defence. In *Bangs* v. *Lincoln*, 10 Gray, 600, it was held that the liability of a stockholder could not be the subject of an allowance as against the estate of a person in insolvency under the insolvent laws of Massachusetts, there having been no judgment against the corporation, or the necessary previous steps to fix the same as an absolute debt against the party as an individual stockholder.

In *Knowlton* v. *Ackley,* 8 Cush. 96, where an action of law was brought against a stockholder of a manufacturing corporation for a debt contracted by the corporation, seeking to charge such liability under the statute provision as to failure to pay in the whole capital, and recording a certificate to that effect, the court refused to sustain such action, holding that the liability, if it existed at all, was the statute liability as a stockholder ; and that the defendant was not liable on the original contract, as the debtor for the articles furnished to the corporation.

The further inquiry is, whether a liability of this character, fixed upon the stockholders of a manufacturing corporation wholly by the statutes of New Hampshire, the mode of enforcing it, or the remedy, being found wholly in such foreign statute, can be properly enforced in this state against one or more of our citizens who may have become stockholders in such foreign corporation. When the statute confers a right and prescribes a remedy, that particular remedy and that only can be pursued. The only remedy given by the statute of New Hampshire is by a bill in equity. Such a bill, as it seems by the decision of the court of that state in *Hadley* v. *Russell,* 40 N. H. 109, means a bill in behalf of all the creditors, and against all the stockholders. This was so assumed in the opinion of this court in the former case between these parties. In *Knowlton* v. *Ackley,* this court, in denying an action at law, and suggesting the remedy by bill in equity, seem to assume that the bill will be against all the stockholders, and for the benefit of all the creditors.

If this be so, we perceive at once strong reasons why such a bill should be brought in the state which created the corporation, and where the same is located by the express terms of its charter, and where its place of business is. The effect of maintaining such a bill is to draw before the court all the creditors of the corporation, all the stockholders, and necessarily, as we should suppose, the principal debtor, the corporation itself. The fact of the residence of a single stockholder in Massachusetts, who might be liable in a New Hampshire corporation in common with a hundred stockholders residing there, would upon that hypothesis transfer to our jurisdiction all such stockholders

and all the creditors, and authorize us to hear and adjust all conflicting questions as to the indebtedness of the corporation, who were stockholders, and what were the equities between them.

Great practical difficulties meet us at once. There are strong reasons for holding that, in case of an existing corporation, the debt sought to be recovered of a stockholder should be first established by a judgment of court. If this be doubtful, it is at least necessary that before such debt be established by the proceedings in the bill in equity, the corporation should have been made a party to the bill. *Bogardus* v. *Rosendale Manuf. Co.* 3 Selden, 151. But we have no jurisdiction that will reach such corporation out of this commonwealth, and having no assets here, and the same is true of the stockholders residing in New Hampshire. A bill in equity in Massachusetts is therefore not the remedy intended to be prescribed by the statute of New Hampshire creating and regulating the liability of stockholders in a manufacturing corporation in New Hampshire.

It is urged on the part of the plaintiffs that great practical evil may result from thus refusing to charge a party here who is an actual stockholder of a corporation in New Hampshire, but who resides without its limits. To this it may be replied, that it would be a much more serious evil to hold that the whole matter of winding up the concerns of a bankrupt corporation of New Hampshire, ascertaining who are its creditors, who its stockholders, what is the amount of its assets, and how are the same to be distributed, should be transferred to the jurisdiction of Massachusetts by reason of the residence here of a single member of such corporation. There seems to be no practicable mode of dealing with such corporation and its members, when seeking to charge the latter upon their statute liability, but to proceed in the manner prescribed by the statute creating such liability, and in the local jurisdiction where the corporation was established and carries on its business, and by whose local statutes alone the liability exists.

*Demurrer sustained.*

*B. R. Curtis & H. C. Hutchins*, (*D. S. Richardson* with them,)

for the defendants. The liability of the stockholders depends upon the statutes of New Hampshire, and can be enforced in this state only by comity. The remedy provided in those statutes is local. *Pickering* v. *Fisk*, 6 Verm. 102. *Drink water* v. *Portland Marine Railway*, 18 Maine, 35. The liability is peculiar, and has not the ordinary characteristics of a debt. The claim does not survive. *Dane* v. *Dane Manuf. Co.* 14 Gray, 488. It is not provable in insolvency. *Kelton* v. *Phillips*, 3 Met. 61. *Gray* v. *Coffin*, 9 Cush. 192. *Bangs* v. *Lincoln*, 10 Gray, 600. It cannot be enforced at common law by action. *Gray* v. *Coffin*, 9 Cush. 192. *Knowlton* v. *Ackley*, 8 Cush. 93. The remedy provided is specific, and limited to the State of New Hampshire. A prior judgment against the corporation is essential to the maintenance of a bill in equity. And the corporation is a necessary party to such a bill. *Hadley* v. *Russell*, 40 N. H. 109. *Tibballs* v. *Bidwell*, 1 Gray, 399.

*J. C. Dodge*, for the plaintiffs. By the statutes of New Hampshire, the stockholders are jointly and severally liable for these debts. In New Hampshire this liability is treated as a contract. *Chesley* v. *Pierce*, 32 N. H. 388, 405. *Haynes* v. *Brown*, 36 N. H. 545. *Hicks* v. *Burns*, 38 N. H. 141. If this is so, the remedy is not necessarily confined to New Hampshire, but may be enforced wherever the stockholders reside. Story Confl. Laws, §§ 38, 329, 619–628. 2 Kent Com. (6th ed.) 457, 458. *Bank of Augusta* v. *Earle*, 13 Pet. 519. The result of these authorities is that the laws of one state or nation, except those of a penal character, may and will be enforced in other states or nations, *ex comitate*, unless contrary to their known policy, or injurious to their interests, or prejudicial to the rights of their citizens. No distinction in this respect can be traced between the statute and common law. The enforcement of this obligation is not contrary to the policy of Massachusetts. Gen. Sts. *c.* 60, §§ 17, 18. It is not prejudicial to a man's rights to compel him to perform his obligations. To hold that this liability cannot be enforced out of New Hampshire will make it of little value as security to creditors. Such liability has repeatedly been enforced out of the states whose laws created the

:orporations. *Ex parte Van Riper,* 20 Wend. 614. *Sackett's Harbor Bank* v. *Blake,* 3 Rich. Eq. (S. C.) 226. *Perkins* v. *Church,* 31 Barb. 84. *Bond* v. *Appleton,* 8 Mass. 472. Clearly, the corporation might be sued here.