## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1866, AT LENOX.

#### PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN,  } Justices.
Hon. DWIGHT FOSTER,

MEMORANDUM. — On the fifteenth day of August 1866, the Hon. JAMES D. COLT resigned the office of Justice of this Court, which he had held since the eleventh day of September 1865.

On the thirty-first day of August 1866, the Hon. DWIGHT FOSTER, of Boston, was appointed a Justice of this Court, in place of Mr. Justice COLT, and took his seat on the bench on the first day of this term.

On the twenty-second day of August 1866, the Hon. CHARLES A. DEWEY, a Justice of this Court since the twenty-fifth day of May 1837, died at his residence in Northampton.

## STEPHEN W. HALSEY vs. GEORGE McLEAN.

A creditor of a corporation established in New York, under the *St.* of N. Y. of 1848, *c.* 40, cannot maintain an action in this commonwealth to enforce his claim personally against a stockholder or officer of the corporation.

CONTRACT. The declaration alleged that under the *St.* of N. Y. of 1848, *c.* 40, and an act amendatory thereof, the defendant and others formed a company by the name of the Lee

Marble Quarrying Company, and became stockholders therein and trustees thereof, and carried on the business of quarrying marble in Lee, in this county; that said company became and are justly indebted to the plaintiff in several items, which were mentioned, and which they have neglected to pay; that they have neglected to make the reports and returns required by said acts, and by virtue thereof the defendant, being a trustee of the company and a stockholder thereof, is individually liable to the plaintiff for said indebtedness. The writ was dated November 19th 1864; and the items mentioned were notes and an account accruing from December 1858 to May 1859. The account was for services rendered by the plaintiff as superintendent of the defendant's quarry in Lee.

The case was referred by the superior court to an auditor, who found that in March 1854 the defendant and others formed themselves into a corporation in the city of New York as alleged in the declaration, and had their principal place of business there, and that the defendant was a trustee of the company until February 9th 1859; and he accordingly found that the defendant was liable for such portion of the indebtedness sought to be recovered by the plaintiff as accrued prior to that date.

At the trial in the superior court, before *Rockwell*, J., without a jury, the report of the auditor was confirmed, and judgment rendered for the plaintiff accordingly; and the case was reported for the determination of this court.

*M. Wilcox*, for the defendant, cited *Chambers* v. *Lewis*, 28 N. Y. 454; *Boughton* v. *Otis*, 21 N. Y. 261; *Whitford* v. *Panama Railroad*, 23 N. Y. 480; *Garrison* v. *Howe*, 17 N. Y. 458; *Shaler & Hall Quarry Co.* v. *Bliss*, 34 Barb. 309; Story Confl. L. § 621; *Erickson* v. *Nesmith*, 15 Gray, 221; *Same* v. *Same*, 4 Allen, 233; *Pickering* v. *Fisk*, 6 Verm. 102; *Hunt* v. *Pownal*, 9 Verm. 417.

*I. Sumner & J. Branning*, for the plaintiff, cited *Bond* v. *Appleton*, 8 Mass. 472; *Greenwood* v. *Curtis*, 6 Mass. 377; *Ex parte Van Riper*, 20 Wend. 614; *Re Gilbert*, 7 Wend. 490; *Re Hollingshead*, 6 Wend. 553; *Corning* v. *McCullough*, 1 Comst. 47, 55; *Henry* v. *Sargeant*, 13 N. H. 321.

Foster, J.   The report of the auditor raises the question whether upon the facts of the present case this court will en· force the liabilities imposed upon trustees or stockholders of a corporation organized under the general manufacturing corpora· tion act of New York, passed February 17th 1848.   The prin· ciples by which we must be controlled are sufficiently well established.   Wherever the common or statute law of one gov· ernment enters into and forms a part of a contract which is brought before the tribunals of another for enforcement, and is not there treated as immoral or contrary to public policy, the *lex loci contractus* is resorted to, to determine its validity and con struction, however that may differ from the law prevailing in the forum of the remedy.   The contract of the New York corpora· tion in the present case must, however, receive the same con· struction, and the liability of the defendant here must depend upon the same principles, whether it was actually made in Mas· sachusetts or in New York; because, if made here, it was in legal contemplation made with reference to the New York acts, and in view of the contingent liabilities thereby imposed upon officers and stockholders, which are equally applicable to con· tracts entered into within and without the sovereignty which in· corporated the company.   *Hutchins* v. *New England Coal Mining Co.* 4 Allen, 580.

How far a mere statute obligation shall be respected and en· forced beyond the jurisdiction by which it is created and limited, and within which alone it has the force of positive law, is a question of comity and public policy in the administration of justice.   It is well settled that penal laws will be allowed no extra-territorial operation.   Thus a usurious contract, not void under the statute of the state where it was entered into, but subject there to a deduction by way of penalty, will be enforced elsewhere in full without the deduction.   *Gale* v. *Eastman,* 7 Met. 14.   And it seems that a *qui tam* action founded on the statute of one state cannot be maintained in the courts of another, although a judgment recovered in such a suit elsewhere will support an action here.   *Healy* v. *Root,* 11 Pick. 389.

An examination of the statute provisions relied upon by the

plaintiff clearly shows that they do not leave the officers or stockholders in all cases personally liable for payment of the corporate debts. If they did, we should need carefully to consider whether under such a charter the members of the company do or do not remain in the condition of copartners at common law *Ex parte Van Riper,* 20 Wend. 614. *Corning* v. *McCullough,* 1 Comst. 47. Even in that case it has been doubted whether the courts of another state could give effect to such a remedial provision. *Drinkwater* v. *Portland Marine Railway,* 18 Maine, 37. But this question we need not now decide.

By the St. of N. Y. of 1848, *c.* 40, § 12, every company organized under it is required annually, within twenty days from the first day of January, to make and publish a report, stating the amount of its capital; the proportion paid in, and the amount of all existing debts; "and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." With reference to this section the court of appeals has said, "The provision is highly penal, and the rules of law do not permit us to extend it by construction to cases not fairly within the language." *Garrison* v. *Howe,* 17 N. Y. 458. The default to publish the returns required by law imposes upon trustees in office a personal liability for all corporate debts existing while they are in default, but not for debts contracted after their retirement from office; and new trustees are not liable for debts contracted by their predecessors and chargeable to the latter for their default, but only for debts contracted while they are in office, and before a report is made and published. *Boughton* v. *Otis,* 21 N. Y. 261. *Chambers* v. *Lewis,* 28 N. Y. 454. The construction given to this provision by the courts of New York clearly establishes its qualified and penal character in their opinion. And we regard their construction as conclusive upon us. In this commonwealth, where the statute is not binding *proprio vigore,* no rule of comity permits or justifies any interpretation which would render the liability imposed by it more extensive here than in courts where it prevails with the force of positive law.

The alleged liability of the defendant as a stockholder depends upon the following sections of the same act:

" Sect. 10. All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company until the whole amount of capital· stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded."

" Sect. 18. The stockholders of any company organized under the provisions of this act shall be jointly and severally individually liable for all debts that may be due and owing to all their laborers, servants and apprentices, for services performed for such corporation."

" Sect. 24. No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted ; nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due."

These provisions, likewise, have been declared by a New York court not to render the stockholders chargeable as copartners. *Woodruff & Beach Iron Works* v. *Chittenden*, 4 Bosw. 417. The liability for non-payment of the capital stock is limited in the case of each stockholder to an amount equal to his stock. And to an action founded upon § 10 it would be a defence available to any shareholder, that he had already paid debts to that amount. This provision is not as stringent as the one existing under the statute of Massachusetts, before the court in *Knowlton* v. *Ackley*, 8 Cush. 93, or that under the New Hampshire act, considered in *Erickson* v. *Nesmith*, 15 Gray, 221 ; *Same* v. *Same*, 4 Allen, 233. In each of the latter cases the stockholders were declared to be "jointly and severally liable for all debts of the company" until the whole capital was paid up, and a certifi cate thereof recorded. Yet they were held not to be origina contractors, but only subject to a limited statute liability.

Furthermore, the present action was commenced November 19th 1864. The most recent of the causes of action accrued in May 1859. No evidence was offered that any suit had been brought against the corporation by the plaintiff. By § 24, quoted above, it is an indispensable condition to the liability of a stockholder for the payment of any debt contracted by the company, that a suit for its collection shall be brought against the company within one year after such debt shall become due. The present plaintiff had therefore lost his right to the particular remedy prescribed by the New York act, and the only one he was entitled to in that state before he instituted proceedings in Massachusetts. If we possessed any jurisdiction to administer the remedy conferred by this section, comity would not require nor justice permit that it should be administered here in a case where, by the plaintiff's own neglect, it had ceased to exist in New York.

Independently of this consideration, we are of the opinion that the liability of stockholders for debts due to laborers, under § 18, qualified as it is by the provisions as to the remedy in § 24, must be treated as a part of the statute system of another state, incapable of execution *alieno foro.* We regard the principles laid down in *Erickson* v. *Nesmith* as applicable to all the provisions of the New York act which have been examined in the present case. The result is, that upon the auditor's report the defendant is entitled to judgment, and the verdict for the plaintiff must be set aside.