FIELD and others *v.* HAINES and others.

*(Circuit Court, D. Vermont.* October 30, 1886.)

GARNISHMENT—ACTION TO ENFORCE PERSONAL LIABILITY OF DIRECTOR — CONTRACTUAL OBLIGATION.

The personal liability of a director of a private corporation, under section 3291, Rev. St. Vt., for the excess of indebtedness above two-thirds of its paid-up capital stock contracted by his consent, is to be considered as a liability founded on contract, and an action to enforce it can therefore be begun by trustee process.

Trustee Process.

*Henry A. Harman,* for plaintiff.

*James K. Batchelder,* for defendant and trustee.

*James Barrett* and *James C. Barrett,* for trustees.

WHEELER, J. Section 3291, Rev. Laws Vt., provides, in respect to private corporations, that no debts shall be contracted by the corporation exceeding in amount two-thirds of the capital stock actually paid in, and any director assenting to the creation of such indebtedness shall be personally liable for the excess; and section 1067 provides that actions founded on a contract, express or implied, may be commenced by trustee process. This action is brought against the defendants, as directors of the Bennington Woolen-mills, a private corporation, to which this provision of the Revised Laws applies, to enforce their liability thereunder for an excess of indebtedness over the amount of capital stock paid in, assented to by them, and has been commenced by trustee process. Motions have been made and heard to dismiss the suit as not founded on a contract, express or implied, and therefore not authorized to be commenced by trustee process. The liability of the directors is placed directly, by the statute, upon their assent to the creation of the indebtedness. They are to be presumed to know this law, and to know that, when they assent to the creation of such indebtedness, they assent to a liability on their part for the excess of such indebtedness above the paid-up capital. The liability is not imposed because of anything done or omitted, apart from the making of the contract constituting the debt, but on account of the part taken by the directors in making that contract. By assenting to the act which makes the debt, they make themselves liable for the part of the debt that exceeds the capital. This part of the debt is prohibited, but not so, nor claimed to be so, but that it is binding upon the corporation. The contract creating the debt is not so illegal as to be void, and the assent of the directors is not. Their liability appears to be founded on their assent, which is in its nature a contract.

In the charter of the Jamaica Leather Company (Laws Vt. 1858) it was provided that this company should not, at any time, contract

debts exceeding three-fourths the amount of its capital paid in; and that, if such indebtedness should exceed the amount aforesaid, the directors and stockholders should be personally holden to the creditors of said company. An action was brought to enforce this liability against stockholders, and the nature of the obligation came up for consideration. *Windham Provident Inst.* v. *Sprague,* 43 Vt. 502. In speaking of the stockholders, Ross, J., in delivering the opinion of the court, said: "They can keep the indebtedness of the company within the limits fixed by the legislature, or they can extend that indebtedness beyond that ·limit, and voluntarily take upon themselves the relation of joint debtors to the creditors of the company." This construction, by the highest court of the state, of statutes of the state so similar, is controlling, (*Flash* v. *Conn,* 109 U. S. 371; S. C. 3 Sup. Ct. Rep. 263;) and this construction does not appear to be in conflict with decisions in other states.

Where a liability is declared for some act or neglect in no way connected with the contracting of the debt, as for neglecting to file reports, it is undoubtedly penal, (*Wiles* v. *Suydam,* 64 N. Y. 173; *Bank* v. *Bliss,* 35 N. Y. 412; *Garriston* v. *Howe,* 17 N. Y. 458; *Halsey* v. *McLean,* 94 Mass. 438;) but where, as here, the liability for the debt arises out of the assent to the contract creating the debt, it would seem to be that of a contracting debtor, and no case to the contrary has been noticed. Motions denied.