## ACTION FOR NEGLIGENTLY CAUSING DEATH IN A FOREIGN STATE.

[Circuit Court of Mahoning County.]

ALVIDA SCHELL ET AL V. THE YOUNGSTOWN IRON & SHEET CO.

Decided, March Term, 1904.

*Section 6134a, Ohio Revised Statutes, Construed—Jurisdiction of Ohio Courts—To Enforce Statute of Another State—For Negligence in Causing Death of Citizen of that State.*

A statute of state of Pennsylvania will be enforced in Ohio for negligently causing death to citizen of that state.   The courts of this state have jurisdiction in actions to recover damages under the statute of the state of Pennsylvania for negligently causing the death of a person in that state, although such person and his next of kin were all citizens of such state at the time of the injury.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

The action below was by the widow and children of Daniel Schell for negligently causing the death of the husband and father of plaintiffs in error.   The petition averred that Schell at the time of his death was a resident of the state of Pennsylvania as were also the wife and children; that the widow and children are still such residents, and that the negligence which caused his death took place in the state of Pennsylvania; if, therefore, plaintiffs have a cause of action it must be under a statute of Pennsylvania.

The petition further avers that the state of Pennsylvania has such statute by which the wife and children have a right of action for negligently causing the death of the husband and father, and that the wife and children are the proper parties plaintiff under such statute for such wrong.

The petition sets forth the statute of Pennsylvania, which is very much like the statute of this state, except that under the statute and Constitution of that state the amount of recovery is unlimited, subject alone to the determination of the court or jury.

The petition further sets forth that the courts of Pennsylvania enforce our statute upon the same subject, in the same manner and to the same effect as our courts, except only as to the amount of recovery and as to who shall be parties plaintiff, and avers that the negligence complained of in the petition constitutes a cause of action in that state as it does in this state.

To this petition there was a general demurrer interposed in the court below, which was sustained and final judgment rendered, dismissing the petition at plaintiff's costs.

The claim of defendant's counsel made in the court below and also in this court is: That the demurrer was properly sustained for the reason that the law, as it now is in this state, prohibits an action in the courts of this state for damages for negligently causing death in another state, except where the deceased was a citizen of our own state, and in support of that claim Section 6134a of the Revised Statutes is invoked. That Section provides as follows:

" (Right by statute of other state, territory or country enforced.) Whenever the death of a citizen of this state has been or may be caused by a wrongful act, neglect or default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory or foreign country, such right of action may be enforced in this state within the time prescribed for the commencement of such action by the statute of such other territory or foreign country." 91 V., 408; 95 V., 401.

For the purpose of ascertaining the intention of the General Assembly in enacting this statute and what is its proper construction, it is important to ascertain what was the law upon this subject previous to its passage. It is insisted upon the part of demurrant that, without this provision, no action could be maintained, and that its purpose is only to give such right of action when the deceased was a citizen of this state. It must

be conceded that we have no authoritative enunciation of our Supreme Court upon this question.   In the case of *Woodward, Administratrix,* v. *Michigan Southern & Northern Indiana R. R. Company,* 10 O. S., 121, the only question decided was that an action could not be maintained for negligently causing the death in the state of Illinois by an administrator appointed in this state, as such administrator would be a trustee subject to the laws of this state, and must distribute the fund in accordance with our laws, which was entirely different from the manner prescribed by the statute of Illinois, but in the opinion it is said:

"We do not undertake to decide whether an administrator appointed under the law of Illinois, might or might not maintain such an action, for the purpose of recovering the fund to be distributed under the law of Illinois.   That case would present very different considerations from the present."

In the case of *Hover, Admr.* v. *The Pennsylvania Company,* 25 O. S., 667, it was determined that an action could not be prosecuted in this state under our statute for negligently causing death in another state, and that was all that was determined in that case.   The case of *Brooks, Admr.* v. *Railway Company,* 53 O. S., 655, and unreported, we take it, is to the same effect, as it was decided on the authority of the last two cases.   The case of *Railway Company* v. *Fox,* 64 O. S., 133, Section 6134a, as it existed previous to the amendment of 1902, was under consideration, but all the court decided was that our courts would not entertain an action under the law of the state of Indiana for the reason that that state did not enforce our statute in the manner required by Section 6134a.

These cases in no sense sustain the contention that the courts of this state will not entertain an action when properly brought under the statute of a sister state, when such state enforces our statute of like character, under the rule of comity between the states, and therefore the question as to whether or not our courts would entertain an action upon the statute of a sister state for negligently causing death where the injury and death took place in such state independent of Section 6134a, is still an open one, it not having been determined by our Supreme Court.

Why should not such action be maintained in our courts? Nearly all if not all the states of the Union have. statutory provisions substantially the same as Lord Campbell's Act. Buswell on Law of Personal Injuries, Section 22.

These statutes are not penal in their nature, but remedial. They simply preserve to the next of kin, ordinarily the decedent's family, that to which the decedent would have been entitled had death not ensued. The only reason that the action could not be maintained at common law was one of the old fictions with which it abounds that such a right of action died with the party. In *Stewart* v. *Railroad Company,* 168 U. S., 448, Mr. Justice Brewer, in speaking of this character of action, says:

"Notwithstanding the ability with which the arguments in support of this conclusion are presented in the opinion of the court of appeals, we are unable to concur therein. A negligent act causing death is in itself a tort, and, were it not for the rule founded on the maxim *actio personalis moritur cum persona,* damages therefore could have been recovered in an action at common law. The case differs in this important feature from those in which a penalty is imposed for an act in itself not wrongful, in which a purely statutory delict is created. The purpose of the several statutes passed in the states, in more or less conformity to what is known as Lord Campbell's Act, is to provide the means for recovering the damages caused by that which is essentially and in its nature a tort. Such statutes are not penal, but remedial, for the benefit of the persons injured by the death. An action to recover damages for a tort is not local, but transitory, and can as a general rule be maintained wherever the wrongdoer can be found (*Dennick* v. *Railroad Company,* 103 U. S., 11). It may well be that where a purely statutory right is created, the special remedy provided by the statute for the enforcement of that right must be pursued, but where the statute simply takes away a common law obstacle to a recovery for an admitted tort, it would seem not unreasonable to hold that an action for that tort can be maintained in any state in which that common law obstacle has been removed. At least it has been held in this court in repeated cases that an action for such tort can be maintained 'where the statute of the state in which the cause of action arose is not in substance inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced.' *Texas & Pacific Railway* v. *Cox,* 145 U. S., 593,

605; see also *Dennick* v. *Railroad Company*, 103 U. S., 11; *Huntington* v. *Attrill*, 146 U. S., 657; *Northern Pacific Railroad* v. *Babcock*, 154 U. S., 190.''

As we have already said, nearly if not all the states of the Union have made provisions by statute for correcting this so-called maxim of the common law and furnishes a right of action to persons dependent upon the party whose death is caused by a wrongful or negligent act, for the damages sustained in consequence of such death.

It becomes important here to consider the fact that in nearly all the states—there being but three or four exceptions—these statutes are enforced in the different states (Dicy on Conflict of Laws, American Notes, 667, *et seq.*). And why should it not be so? Of what more force and effect should the common law have in the states than the generally recognized law of the states, that a party shall be responsible for negligently causing the death of another? It leads to an absolute absurdity to say that a settled legal policy as shown by the statutes of nearly all the states shall not be effective in each state, for the reason that it is against some fiction or maxim of the common law, and especially when that policy is in accord with all our conceptions of what is right and just.

In support of this theory we refer to but a few cases. In *Higgins* v. *Central New England Railroad*, 155 Mass., 180, it is said:

''Assuming that the cause of action is one not existing at the common law, but created by the statute of another state, we have seen that it is transitory, and that it survives and passes from the deceased to his administrator. When an action is brought upon it here, the plaintiff is not met by any difficulty upon these points. Whether our courts will entertain it depends upon the general principles which are to be applied in determining the question whether actions founded upon the laws of other states shall be heard here. These principles require that, in cases of other than penal actions, the foreign law, if not contrary to the public policy, or to abstract justice or pure morals, or calculated to injure the state or its citizens, shall be recognized and enforced here, if we have jurisdiction of all necessary parties, and if we can see that, consistently with our own forms of procedure and law of trials, we can do

substantial justice between the parties. If the foreign law is a penal statute, or if it offends our own policy, or is repugnant to justice or to good morals, or is calculated to injure this state or its citizens, or if we have not jurisdiction of parties who must be brought in to enable us to give a satisfactory remedy, or if under our forms of procedure an action here can not give a substantial remedy, we are at liberty to decline jurisdiction. *Blanchard* v. *Russell,* 13 Mass., 1, 6; *Prentiss* v. *Savage,* 13 Mass., 20, 24; *Ingraham* v. *Geyer,* 13 Mass., 146; *Tappan* v. *Poor,* 15 Mass., 419; *Zipcey* v. *Thompson,* 1 Gray, 243, 245; *Erickson* v. *Nesmith,* 15 Gray, 221, and 4 Allen, 233, 236; *Halsey* v. *McLean,* 12 Allen, 438, 443; *New Haven Horse Nail Company* v. *Linden Spring Co.,* 142 Mass., 349, 353; *Bank of North America* v. *Rindge,* 154 Mass., 203.''

In *Wooden* v. *Western New York & Pennsylvania Railroad Company,* 126 N. Y., 14, Finch, J., says:

''Certain propositions essential to the inquiry before us have been explicitly determined in *McDonald* v. *Mallory,* 77 N. Y., 546, and need no other citation for their support. That case held that the liability of a person for his acts, whether wrongful or negligent, depends in general upon the law of the place in which the acts were committed; that actions for injuries to the person in another state are sustained here without proof of the *lex loci* because they are permitted by the common law which is presumed to exist in the foreign state; that such presumption does not arise where the right of action depends upon a statute which confers it; and that in such case the action can only be maintained here by proof that the statutes of the state in which the injury occurred give the right of action and are similar to our own.

''Upon the question of similarity we have also held that the two statutes need not be identical in their terms or precisely alike, but it is enough if they are of similar import and character, founded upon the same principle and possessing the same general attributes (*Leonard* v. *Columbus Steam Nav. Co.,* 84 N. Y., 53). It is quite evident that the two statutes are of similar import. They are founded upon the same principle, are aimed at the same evil, construct the same sort or kind of action, and give it for the same class of individuals. In both the utter failure of redress at common law where the injury ended in death was the injustice for which a remedy was enacted; and in both the new action was given for the benefit of those who had suffered an injury as the consequence of the wrong. This fundamental agreement in the main and substan-

tial characteristics of the two statutes is not affected by the difference of detail which the demurrer points out.''

In *Dennick* v. *Railroad Company,* 103 U. S., pages 17 and 18, Mr. Justice Miller says:

''It is difficult to understand how the nature of the remedy, or the jurisdiction of the courts to enforce it, is in any manner dependent on the question whether it is a statutory right or a common law right.

''Wherever, by either the common law or the statute law of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties.

''The action in the present case is in the nature of trespass to the person, always held to be transitory, and the venue immaterial.   The local court in New York and the Circuit Court of the United States for the Northern District were competent to try such a case when the parties were properly before it (*Mostyn* v. *Fabrigas,* 1 Cowp., 161; *Rafael* v. *Verelst,* 2 W. Bl., 983, 1055; *McKenna* v. *Fisk,* 1 How., 241).   We do not see how the fact that it was a statutory right can vary the principle. A party legally liable in New Jersey can not escape that liability by going to New York.   If the liability to pay money was fixed by the law of the state where the transaction occurred, is it to be said it can be enforced nowhere else because it depended upon statute law, and not upon common law?   It would be a very dangerous doctrine to establish, that in all cases where the several states have substituted the statute for the common law, the liability can be enforced in no other state but that where the statute was enacted and the transaction occurred. The common law never prevailed in Louisiana, and the rights and remedies of her citizens depend upon her civil code.   Can these rights be enforced or the wrongs of her citizens be redressed in no other state of the Union?   The contrary has been held in many cases.   See *Ex parte Van Riper,* 20 Wend. (N. Y.), 614; *Lowry* v. *Inman,* 46 N. Y., 119; *Pickering* v. *Fisk,* 6 Vt., 102; *Railroad* v. *Sprayberry,* 8 Bax. (Tenn.), 341; *Great Western Railway Co.* v. *Miller,* 19 Mich., 305; *Stewart* v. *Railroad, supra.''*

To the same effect are generally the decisions in both the federal and state courts of nearly all the states.   Why, then, should it be said, as it is by some of the best text-writers, that Ohio is otherwise?   We have no decision in this state justify-

ing the claim, and we think if the question had been presented to our Supreme Court, its holding would have been the same as is generally held by the courts of other states.

We now come to the question as to whether or not the act of 1902, Section 6134a, deprives our courts of jurisdiction in such actions, except in cases where the death of a citizen of our own state is caused by the negligence or wrongful act complained of. The claim is that original Section 6134a, enacted in 1890, having given a right of action to all persons, whether citizens of the state or not, in our courts to enforce a claim under the statute of another state, and that section being repealed and a citizen of our own state being only specified in the amendment, that that presupposes that no such right previously existed and was only conferred by the statute of 1890, and that statute being amended and repealed, that it was the intention of the General Assembly to confine the right exclusively to persons who were citizens of Ohio when death ensued from such negligence in the foreign state.

The section as it was originally enacted is as follows:

"(Right by statute of other state, territory or country enforced.) Whenever death has been or may be caused by a wrongful act, neglect or default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory or foreign country, such right of action may be enforced in this state in all cases where such other state, territory or foreign country allows the enforcement in its courts of the statute of this state of a like character; but in no case shall the damages exceed the amount authorized to be recovered for a wrongful neglect or default in this state, causing death. Every action brought under this act where the death has already occurred shall be commenced within one year from the passage of this act; and in all other cases, within the time prescribed for the commencement of such action by the statute of such other state, territory or foreign country (91 V. 408)."

It will be observed that this section as it originally stood restricted the right to bring an action to a very narrow compass apparent from its reading, and the construction placed upon it in *Railroad Company* v. *Fox, Admr., supra,* makes the "fit exceedingly tight." On pages 144 and 145, Spear, J., says:

."Nor is there ground for saying that our statute, Section 6134a, is satisfied by the mere entertaining by the courts of another state of a cause of action for death occurring in our state. Such is not the language of the law.  It is not the entertaining of the suit that is stipulated for, but enforcement of our statute of like character.  This means that it is the law of Ohio which the sister state will enforce; not necessarily the law of that state, for where there is an essential difference, as has already been pointed out, it can not be said by enforcing their own law the court of the other state is enforcing our statute.  Our statute rests upon the ground of reciprocity which is based upon the idea of comity, and the very essence of reciprocity implies that each state, as to the subject matter, shall have and enforce identical laws; not simply provisions which may be in many respects similar, but in all essential particulars the same.  It seems to us clear that the laws of Indiana, while they permit the bringing of actions in the courts of that state to recover for death occurring in another state, require the determination of the rights of the parties by the provisions of their own laws, but do not enforce the laws of the state where the injury was committed."

Nearly all the statutes in the different states differ from each other; none of them are identical.  In some of them the amount to be recovered is unlimited; in others the amount is specified; in some instances a small amount; in others a large amount; some provide the action shall be by an administrator for the benefit of a specified class; others provide that the suit shall be by the next of kin directly; in some of the statutes the beneficiaries are quite limited, being restricted to the immediate family; others extend to all the next of kin.  In some states they provide how the negligent acts shall be proven, and what shall constitute negligence; in others it is left to the general rules of law upon the subject.  If the statutes must be identical as was required by Section 6134a, as it originally was, then it would be almost impossible to maintain an action in this state under the statute of a foreign state.  The decision was rendered in the case of *Railroad Company* v. *Fox, Admr.* (February 5, 1901), and at the next meeting of the General Assembly on May 6th, 1902, Section 6134a was amended  as we now have it, and the original section repealed, which left the subject matter as

it was previous to its enactment in 1890, subject only to the provision as it now exists.

The fact that so soon after this decision was made the section was amended would seem to be significant, and we are fully persuaded that the intention of the General Assembly was that the question should be left as it was before the statute was passed, all that was required being that the statutes of the different states should be substantially alike, and that if the foreign state substantially enforced our statute in accordance with the remedial provisions, that was all that was necessary, and in cases where the death of the citizen of our own state was caused by negligence or wrongful act, even that should not be required, but the next of kin might maintain an action in our courts under the statute of the foreign state independent of the question whether such foreign state enforced our statute or not.

There are many reasons why we feel constrained to place this construction upon Section 6134a as amended. The section does not provide directly, but, if at all, only by implication that in no other case but in that of the death of a citizen of our own state can such action be maintained, and it is a well settled rule of law that, "In giving construction to a provision of a statute which attempts to abrogate or modify a well established rule of the common law, the scope of the provision should not be extended beyond the plain import of the words used if reasonable effect can otherwise be given to it" (*Felix* v. *Griffiths,* 56 O. S., 39). If this rule would apply to a provision of the common law, much more would it apply in cases of this character where the right is so generally and specifically recognized in the different states.

Furthermore, such a construction would make the section directly inimical to Section 2 of Article IV of the Constitution of the United States which provides that "The citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states." Just what the words "privileges and immunities" signify it is difficult to tell under all circumstances, but their significance and import must be determined under the circumstances of each particular case; at the same

time there are well established rules which are recognized and given effect in all cases, and among these, it is well settled, is the right to the usual remedies for the collection of debts and the enforcement of other personal rights in the courts of all the states.   Cooley's Constitutional Limitations, page 490 and cases cited in the notes.

True, the state may make reasonable restrictions so that its own citizens and courts will not be abused or imposed upon.  It may provide that process in attachment and garnishment may be issued against a citizen of a foreign state, although not against a citizen of its own state; also that a citizen of a foreign state shall be required to give security for costs; these are reasonable provisions, but it can not close the doors of its courts absolutely to one class and give it to another, simply on the ground of citizenship of a different state.   Such provision would be subversive of the entire theory of the union of the states, Cases cited in the notes in Cooley's Limitations, *supra.*

The construction contended for by defendant in error does not meet the question directly, but it is indeed more comprehensive and objectionable.   If the death of a citizen of Pennsylvania is negligently caused, as in this case, in that state, his beneficiaries have no standing whatever in our courts, but if a citizen of Ohio is killed by the negligent act of another in that state, his beneficiaries may have complete redress in our courts without regard to their citizenship, whether they be citizens of a foreign state or of a foreign land.   Certainly the General Assembly did not so intend, and we think such a construction is not required.

In addition to its evident unconstitutionality, such a construction would be shocking to courts in the administration of justice. A person might cause the death of another by the utmost recklessness in the state of Pennsylvania and have a large amount of property in Ohio; yet if the party killed was not a citizen of Ohio, the party guilty of the negligence could make this state his asylum, freed from all liability for his act, for the reason that our courts are closed against the injured parties.

There is another rule of law that should not be lost sight of, and that is a statute will not be held to be unconstitutional

except the text of the statute absolutely demands it, "And where one of the two constructions renders a statute constitutional and the other renders it unconstitutional, the former, if reasonable, should be adopted." *Bobelya* v. *Friday,* Opinion, Burgett, J., 68 O. S., pages 386 and 387.

We see no necessity of so construing this section of the statute; as we have already said, it evidently means and the General Assembly must have so intended: That in cases wherein the death of a citizen of Ohio is caused by negligence or wrongful act in another state, that his next of kin shall have a right of action in the courts of our state under the statute of the foreign state, independent of the question whether such foreign state enforces our statute of a kindred nature or not; and as respects all other cases, the law is left as it was before the passage of the original act of 1890. That is, under the generally accepted rules of comity, where such state substantially enforces our statute, its statute will be enforced in this state. We see no substantial difference between the statute of Pennsylvania as pleaded and our own. It is true the parties entitled to recover are somewhat different and the amount to be recovered is unlimited. The action is instituted by the widow and children of the intestate who are the beneficiaries and the proper parties plaintiff under the statute of that state, and as they have invoked the laws of this state, they will be restricted to the amount that can be recovered in this state, and such is the prayer of the petition.

These distinctions are not important. *Dennick* v. *Railroad Company; Stewart* v. *Baltimore & Ohio Railroad Company; Wooden* v. *Western New York & Pennsylvania Railroad Company; Higgins* v. *Central New England Railroad Company, supra.*

Judgment is reversed and cause remanded with instructions to overrule the demurrer.

*Anderson & Murray,* for plaintiff in error.

*Hine & Kennedy,* for defendant in error.