*Shuck* for plaintiff; *Rountree & Fogle* for defendants.

---

DEBT.

*Case* 112.

# J. & P. Dudley *vs* Lindsey,

APPEAL FROM THE FRANKLIN CIRCUIT.

*Pleading. Judgments. Limitations.*

*September 15*

JUDGE SIMPSON delivered the opinion of the Court.

Case stated and
judgment of the
Circuit Court.
THIS was an action of debt by Lindsey on a judgment recovered in the State of Mississippi in the Circuit Court of the United States.

The defendants plead *nul tiel record,* and the statute of limitations.

A demurrer to the plea of the statute of limitations was sustained; and the Court having decided that there was such a record, as the plaintiff had set forth in his declaration, a judgment was rendered against the defendants, for the debt sued for, from which they have appealed.

The judgment upon which the suit was brought, was obtained on the 3d of Nov. 1841, and was for the sum of three hundred and fifty nine dollars and forty five cents.

The plaintiff in the commencement of his declaration, demanded that the defendants should render to him the sum of three hundred and fifty nine dollars and forty five cents, with interest thereon from the 3d of November, 1841, until paid, which they owed, &c. but specified correctly the amount of the judgment, in the body of the declaration, which did not on its face purport to bear interest.

It is unusual and unnecessary for the plaintiff in the action of debt, to demand in the commencement of his declaration, the interest as well as the debt which the defendant owes him. But if he should, it would certainly not form any valid objection to the declaration.

*It is not a valid objection to a declaration in debt that the plaintiff claims interest as well as the debt, though it is unusual to do so.*

But the question in this case, upon the plea of *nul tiel record*, did not involve the validity of the declaration; the only inquiry was, whether or not the judgment sued on was correctly set forth and described by the plaintiff.

To ascertain this fact, that part of the declaration which purports to set out and give a description of the judgment, must be looked to. There we find the judgment stated just as it appears by the record. No discrepancy exists, and consequently so far as this objection was relied upon, the decision of the Court that there was such a record, was correct.

But in describing the record, the declaration states, that on the 3d day of November, 1841, in a certain suit before that time brought, and then pending in the Circuit Court of the United States, by the judgment and consideration of said Court, the plaintiff recovered against the defendants &c. The suit was originally commenced in the district Court of the United States in the State of Mississippi, and transferred by act of Congress into the Circuit Court. It is therefore contended that the statement, that the suit was before that time brought, and then pending in the Circuit Court was incorrect, and is

J. & P. DUDLEY
*vs*
LINDSEY.

such a variance as required a judgment for the defendants on the plea of *nul tiel record.*

The statement that the suit was before that time brought in the Circuit Court, may be construed to mean, either that it was originally commenced there, or, that it was brought there before that time, even if instituted in another Court. The former would seem to be the ordinary and most natural acceptation of its meaning. But admitting this to be the sense in which it ought to be understood, still, as the judgment sued upon is sufficiently identified, by a correspondence of date, parties, amount and the Court in which it was recovered, and in which the suit was pending at the time, it is evidently an immaterial variance, and one that could not mislead or deceive in relation to the judgment upon which the suit was instituted. The doctrine of this Court upon this subject, as established by a uniform current of decisions, is to disregard an immaterial variance, such as the one we are now noticing.

*The declaration upon a record of a judgment of the Circuit Court of Mississippi, described it as upon a suit before that time brought in the Circuit Court of the U. S. for the State of Mississippi, when it appeared to have originated in the District and removed to Circuit Court by act of Congress.—Held not to be a material variance.*

The appellants, however, contend that the Court erred in sustaining the demurrer to the plea of the statute of limitations.

The language of the statute of limitations, (2 *Stat. Law,* 1132,) is, "that all actions of debt grounded upon any lending or contract without specialty, all actions of debt for arrearages of rent, &c." shall be commenced and sued within five years. It is contended, that a debt due by judgment, is founded upon a contract, and that as the statute contains but one single exception, and that is in the case of specialties, that the limitation applies to all other contracts, and consequently, that a debt due by judgment is embraced by it.

A judgment of a State Court has the same credit, validity and effect in every other Court within the United States, which it has in the State where it was rendered. *Mills* vs *Duryce,* (7 *Cranch,* 481;) *Hampton* vs *McConnell,* (3 *Wheat.* 234,) So that if the judgment had been rendered in a State Court, and not in the Circuit Court of the United States, it would not be regarded as a foreign judgment. And having been recovered in the Circuit Court of the United States in

*Judgments of State Courts have the same force and validity in other States which they have in the Courts of the State where they are rendered—so have judgments of the Courts of the U. S.*

Mississippi, it is certainly entitled to as much affect, as if it were a judgment of a Court of the State of Mississippi. The question, then is, can the Statute of limitations be relied upon, in an action of debt, upon a judgment which is not a foreign judgment?

A judgment for money is not strictly a contract; but it imposes a civil liability, and is a more conclusive evidence of indebtedness, than a contract by speciality; and, therefore, an action upon it is not embraced by the statute of limitations.

The statute of limitations cannot be pleaded to actions of debt on judgments of sister States.

The provision in the statute, respecting the action of debt, applies to such contracts only, not evidenced by speciality as are contracts in *fact*, and not to such obligations and liabilities, *quasi ex contractu*, as are created, either expressly or constructively, by the law only.

The statute of limitations in England, of 21 *James* 1, is similar to ours; and it has been there held, that not only actions of debt on speciality are out of the statute but also actions of debt on judgments, and actions grounded on statutes, as for an escape of a debtor in execution: 1. *Saunders*, 37 ; 2 *Saunders*, 64, 65, *and the notes and cases cited*, 2 *Keble*, 93 ; 1 *vol. Law Library*, *p.* 9, *Treatise on the limitation of Common Law ctions*.

In the State of New York, where the statute of limitations is substantially in the same language, it was decided, (*Pence* vs *Howard*, 14 *Johnson*, 479,) that an action of debt upon a judgment in a Justice's Court, was not barred by the statute.

And this Court has decided, *Bank United States* vs *Dallam & Co.* (4 *Dana*, 574,) that a statutory liability, enforcible at law by an action of debt not being a contract in fact, an action of debt to enforce the obligation it imposes, is not within the application of the policy of the statute of limitation.

Indeed, judgments are considered of higher dignity and more conclusive legal effect, in every respect, than specialities. A plea of the statute of limitations to a judgment, unless it be a foreign judgment, is not so much as alluded to by any author treating upon the sub-

Judgments are esteemed of higher dignity and more conclusive legal efficacy than specialties.

SMOTHERS AND
WIFE
vs
MUDD, &c.
ject of pleading. The Legislature of this State passed
an act (3 *Stat. Law*, 558) to discharge sureties from lia-
bility on judgments, when seven years should have elap-
sed without execution, which would have been certainly
unnecessrry, if the general statute of limitations, would
have barred all remedy against them on such judgments.

The demurrer to the plea of the statute of limitations
was properly sustained.

Wherefore the judgment is affirmed.

*Hewitt* for appellants; *Lindsey* for appellee.

---

EJECTMENT.

*Case* 113.

Septembar 13.

Case stated and
decision in the
Circuit Court.