ROBERTS *v.* TALIAFERRO *et al.*

Where a party files a bill in equity to perfect title to real estate, and makes out a case which shows that his remedy is at law, the district court possesses no jurisdiction, under the sixth section of the fifth article of the

constitution, to render such a judgment at law, in his favor, as he shows himself entitled to.

Bill in equity, to quiet title to real estate—to restrain from the commission of waste—to correct a mistake in a deed—and for damages for trespass committed on the land. The bill alleged that I. purchased the land of the United States, and conveyed to one H; That H. was indebted to complainant, for which he was sued by attachment, which was levied on the land ; that H. was not personally served, but that publication of the pendency of the action was made as required by law; that judgment was rendered in favor of the complainant, upon which an execution issued, which was levied upon the land, and the same sold to complainant ; that after the levy of the attachment, H. sold to T., who also procured a quit-claim deed from I.; and that in the deed from I. to H., there is a mistake, or omission, in the description of the land. On the hearing, the complainant dismissed his claim for damages, and a decree rendered quieting his title, and vesting the same in complainant; *Held*, 1. That if the proceedings under the attachment against H. were sufficient to pass the title of the land to complainant, against the subsequent deed from H. to T., then complainant's title was good at law, and he did not require the aid of a court of equity; 2. That if the attachment proceedings were not sufficient to vest the title in complainant, then he was in no better position by appealing to chancery, for he did not invoke the aid of that court, to correct the proceedings, or supply any defect in his title, so far as it depended upon the attachment, judgment, and execution against H ; 3. That the bill could be sustained, so far as to correct the mistake or omission in the deed from I. to H.

*Appeal from the Des Moines District Court.*

TUESDAY, OCTOBER 26.

IN CHANCERY. Complainant asks to be quieted in his title to certain real estate—to restrain the respondent, Taliaferro, from committing waste thereon—to correct a mistake in a deed—and for damages for certain trespasses committed on said land. The bill was that Innis purchased the land of the United States, and conveyed to one Heaton ; that Heaton was indebted to complainant, for which he was sued, an attachment issued and this land attached ; that Heaton was not personally served, but that publication of the pendency of the action, was made as required by law; that judgment was entered in favor of complainant, upon which an execution issued, which was levied

upon the land, and the same sold to complainant; that after the levy of the attachment, Heaton sold to Taliaferro, who also procured a quit claim deed from Innis; and that in the deed from Innis to Heaton, there is a mistake or omission. An injunction issued, as prayed for. On the hearing, complainant dismissed his claim for damages. The equities were found in his favor, and a decree rendered quieting the title against respondents, and all persons claim ing under them—vesting it in complainant, and awarding him possession. From this decree Taliaferro appeals.

*Browning* and *Tracy*, for the appellant.

*Crocker* and *Brother*, for the appellee.

WRIGHT, C. J.—On the hearing, as shown by the statement of the case, complainant withdrew, or dismissed, so much of his bill as claimed damages for trespass committed upon the lands, and upon this part of the bill, therefore, no question arises.

It does not appear that any action was taken, or order made, upon that portion of the bill which asks that respondent be restrained from the commission of further trespasses. There is nothing in the record showing a necessity for such an order.

The main question in the case is, whether the proceedings, under the attachment against Heaton, were such as to give the title to complainant, against the subsequent deed from Heaton to Taliaferro. If they are sufficient, then complainant's title is good at law, and he does not need the aid of a court of equity. If not sufficient, then he is in no better position by appealing to chancery, for he does not invoke the aid of that court to correct those proceedings, or supply any defect in his title, so far as it depends upon the attachment, judgment, and execution against Heaton. *Piggott* v. *Addicks*, 3 G. Greene, 427.

Complainant suggests, however, upon this part of the case, that if his remedy is at law, and not in chancery, he

Roberts v. Taliaferro.

should not be driven from court, but is entitled to his judgment as in an action of right. Whatever view we might entertain of this question, under the Code, it seems to have been settled by our predecessors, in *Cooper* v. *Armstrong*, 3 G. Greene, 120. And as the matter is understood to be conclusively put at rest by the provisions of the new constitution, we shall not attempt to re-examine it, whatever doubts we might have of the correctness of the ruling referred to. The constitution is understood to settle the rule for all causes after its adoption, and we are, therefore, unwilling at this time, to interfere with the ruling to which we have alluded above. Const., article 5, section 6.

Upon one ground, however, we think the complainant's bill may properly be sustained, and that is, to correct the mistake or omission in the deed from Innis to Heaton. There is a want of certainty in the description of the land. It is not described as situated in any county or state, nor that it is east or west of any named meridian. If the meridian had been named, the description would otherwise have been sufficient. And while he, perhaps, would have had the right to explain this omission, and fix the locality of the land, by parol proof, in an action at law, he was not compelled to do so, but might resort to equity, in the first instance, so as to remove any cloud or difficulty which might surround his title. For this reason, we are not prepared to say, that his remedy, in this respect, would be so complete, adequate, and specific, in a court of law, that he might not resort to chancery to correct or supply the omission.

To this extent, therefore, the decree below will be affirmed, and in all other respects reversed, at plaintiff's costs.