## D. & H. C. PERKINS vs. CHURCH.

To sustain an action against a stockholder of an incorporated company, for a debt of the company, it is not necessary for the plaintiff to aver that the corporation is insolvent; except in those cases where the charter makes the liability of the stockholders depend upon the existence of such insolvency, or requires the creditor to exhaust his remedy against the corporation, before proceeding against a stockholder.

In other cases, where a debt is unpaid at maturity, the creditor may proceed to collect his claim, either from the corporation or those who, by the charter, are made responsible for the debts.

An agreement between a banking corporation, located in Wisconsin, and commission merchants and factors in the city of New York, by which the former is to consign produce to the latter for sale on commission, against which drafts are to be drawn, and to keep the drawees in funds to meet the same, in cases where consignments are not made, is not necessarily illegal, in the absence of any thing to show what powers are possessed by the bank, by virtue of its charter.

Even though a bank has no authority to consign goods for sale, and enter into a general business of that nature, it may, perhaps, resort to that method of selling goods in its possession which it has legally received in payment of debts. *Per* INGRAHAM, J.

In an action by a creditor of a bank against a stockholder, for the recovery of a debt due from the bank, the corporation is not a necessary party.

DEMURRER to complaint, The complaint alleged that the plaintiffs were copartners under the firm name of Dennis Perkins & Co. at the city of New York, in the business of commission merchants and factors. That the Merchants' Bank was a banking corporation located at Madison in the state of Wisconsin, and incorporated under the laws of that state, pursuant to the provisions of " An act to authorize the business of banking in the state of Wisconsin," approved April 19, 1852. That between the 4th of April, 1857, and the 22d of March, 1858, inclusive, the plaintiffs, at the city of New York, lent and advanced to the Merchants' Bank money and accepted and paid, for the accommodation of said bank, drafts drawn by said bank on them, amounting in all to the sum of $55,880.17, and paid, laid out and expended for telegraph and express charges and protest fees in and about the business of the bank, $13.73. That said drafts were accepted, and

Perkins *v.* Church.

payments made, in accordance with an agreement between the plaintiffs and the bank, by which the bank was to consign produce to the plaintiffs, for sale on commission, against which the said drafts were to be drawn, and to keep the plaintiffs in funds to meet all drafts which should be drawn on them, in all cases where such consignments were not made. That $34,955.41 of the amount of their acceptances and of the drafts aforesaid were paid by them without any funds of the bank then in their hands to pay the same, and in excess of proceeds of sales of consignments received from the bank. That upon that sum of $34,955.41 the plaintiffs were entitled to a commission of two and one half per cent. That there was due from the bank to the plaintiffs the sum of $9400.09, which it refused and neglected to pay. That during all the time between the 4th of April, 1857, and March 22, 1858, the defendant was a holder of stock in the bank to the amount of over $7000. That by the laws of Wisconsin stockholders in every corporation or association organized under the provisions of the banking act are individually responsible for its debts, to the amount of their stock. Wherefore the plaintiffs demanded judgment against the defendant as a stockholder of said bank, for the sum of $7000, beside costs of suit.

To this complaint the defendant demurred, and specified the following grounds of demurrer, viz : 1. That the complaint did not show that the bank was insolvent, or that the plaintiffs had exhausted their remedy against the bank. 2. That the debt against the bank, specified in the complaint, was not contracted in the legitimate business of the bank, or of any bank created under the laws referred to therein, and could not be made the subject of an action against stockholders, under said laws. 3. That there was a defect of parties defendants, as the Merchants' Bank should have been made a party, and also the remaining stockholders of the bank. 4. That the complaint did not show the capital stock of the bank, nor into how many shares the same was divided. 5. That the complaint did not state facts sufficient to constitute a cause of action.

Perkins *v.* Church.

*Leonard & Hoffman,* for the plaintiffs.

*George W. Parsons,* for the defendant.

INGRAHAM, J.   Whatever may be the result of this case, on the trial, I am satisfied the defendant cannot avail himself of the matters of defense set up by him on this demurrer.

1. In order to sue a stockholder of an incorporated company, it is not necessary to aver that the corporation was insolvent, except in those cases in which the charter places the liability subject to the existence of such insolvency, or requires the creditor to exhaust his remedy against the corporation before proceeding against the stockholder. In other cases, when a debt is unpaid at maturity, there is nothing to prevent the creditor from proceeding to collect his claim either from the corporation or those who by their charter are made responsible for the debts without any limitation.

2. The contract of liability as set out in the complaint is not necessarily illegal.   What powers the bank possessed by virtue of its charter, is not disclosed in the complaint.   In order to bring the charter before the court, it must be proved in the ordinary way.   That cannot be on demurrer.   Even if the bank had no authority to agree to consign goods for sale, and enter into that kind of business, it would not follow that the contract was absolutely void.   It might be that the bank had goods in possession, legally received in payment of debts, and this mode of sale might be legally resorted to by them and the contract be valid.   Such matters can only properly be examined on a trial, where evidence can be received to show the circumstances attending the transaction.

No such objection could be made to a part of the plaintiffs' claim, for money lent and advanced to the bank, which was a legitimate business, and which the plaintiffs could recover whether the other part of their claim was valid or not.   As the demurrer is to the whole complaint, it could not be sustained on this ground.

Mayhew v. Duncan.

3. I am of the opinion that the bank was not a necessary party. It is only where the parties are united in interest that they must be brought in by the plaintiffs. In other cases, if their presence is necessary to a complete determination of the controversy, the court may order such to be made parties, but that is no ground of demurrer. As to other stockholders, there is nothing in the pleadings from which it can be ascertained that there are any, or who they are, if any.

I think the complaint shows a cause of action. Whether as to the whole claim or not, is immaterial. The claim for money lent and advanced is a legal claim, not subject to any of the objections stated, and is one which, even if on the trial the other claim should be declared void, could still be recovered.

The plaintiffs are entitled to judgment on the demurrer, with leave to the defendant to answer, on payment of costs.

Judgment accordingly.

[NEW YORK SPECIAL TERM, December 23, 1859. Ingraham, Justice.]