# SUPREME COURT.

## JAMES A. PATTESON agt. ALFRED BAKER.

## JAMES F. WINTER agt. SAME.

In an action in this state by a bill holder of a foreign banking corporation against a stockholder, in which it is sought to charge such stockholder upon a personal liability under the foreign statute, a complaint which merely alleges that "*under and by virtue of a law or laws*" of such foreign state, the defendant as such stockholder "*is liable to the creditors*" of the corporation, does not state a liability which can be enforced by an action, in this state.

If any personal liabilities of a stockholder of a foreign corporation, for the corporate debts, can be enforced in this state, it is such only as are primary and original liabilities of the stockholders as copartners, and the foreign law must be so averred, that it shall appear with certainty by the complaint itself, that as regards the debt sued on, the stockholders are in fact copartners, notwithstanding the charter, and that the liability under the statute is of this nature, and not a liability in the nature of a penalty, or a liability imposed after the contracting of the debt. (*Ex parte Von Riper*, 20 *Wend.* 214, *doubted.*)

*New York Special Term, October*, 1867.

ACTION of money demand upon contract.

The complaint alleged the incorporation of a bank under a law of the state of Georgia, in 1830, the acceptance of the charter, the issuing of bank bills pursuant to the charter, the suspension of payment of its bills in 1861, and its continued suspension ever since that day; its solvency before January, 1861, and its total insolvency since that time; that the plaintiff, a citizen of New York, at various times since the first day of January, 1860, has become the lawful holder and owner, for value, and is now such lawful holder and owner of said bills, to the amount of $60,000; that the defendant is a stockholder in the said bank, "and that under and by virtue of a law or laws of the said state of Georgia, the said defendant is liable to the creditors of the said bank as such stockholder, in the sum of double the amount of the stock so held by the defendant, or in some other proportionate sum; that the specific amount of the stock so held by the defendant is unknown to the plaintiff, but by interrogatories

to be propounded, and otherwise, may be hereafter established and known, but that in such sum or amount, whatever it may be, the said defendant, by reason of his position as stockholder aforesaid, is liable to this plaintiff as a creditor of the said bank."

The defendant demurred, upon the grounds that the complaint did not state facts sufficient to constitute a cause of action; that the court had no jurisdiction of the subject of the action, and for defect of parties, in the omission as plaintiffs of all the other bill holders and creditors; and as defendants, of the corporation and all the other stockholders.

W. M. EVARTS, W. G. CHOATE *and*
JOHN FITCH, *for defendants.*
WINTER & HARRIS, *for plaintiffs.*

CLERKE, J.    These, I believe, are the only actions on the October calendar, which are founded on an alleged contract arising under an act of the legislature of the state of Georgia, approved December 21st, 1830.

The main question presented by these cases is, whether this liability can be enforced within any other jurisdiction than that of Georgia.

If this liability is founded upon contract, in the ordinary legal sense of the term, it can without doubt be enforced here; for although laws have no force by their inherent vigor beyond the territorial limits of the state in which they are made, yet a contract which is valid where it is made, is to be held valid everywhere.    But can the liability created by the act in question, be deemed a contract in the ordinary legal acceptation of the word?

The complaint alleges that "the defendant is a stockholder in the said Mechanics' Bank, and that under and by virtue of a law or laws of the said state of Georgia, the said defendant is liable," without averring that such a law was in force at the time the debt was contracted, and without showing that

the liability was founded on a contract, and not on a special provision in the nature of a penalty.

This allegation is not sufficient to enable us to assume that an original liability existed by the terms of the charter, as in unincorporated associations and copartnerships, or that it devolved in consequence of some general law. The allegation is obnoxious to that rule of pleading which holds that when different meanings present themselves, that construction shall be adopted which is most unfavorable to the party pleading.

Charters of incorporation generally exempt the stockholders from individual liability, or rather, they do not generally impose individual liability, and when stockholders were made liable, the liability is created by a special provision, often in the nature of a penalty. In such case, in addition to the ordinary loss which every stockholder suffers by the failure of the company, this liability is imposed upon him not by any general law, not by the common law, but by such special provision.

I therefore conclude from the terms of the allegation, that the defendants did not originate as a debt like that incurred by a member of a copartnership, which is due primarily by him, as well as by the other members, but that it was created solely by a statute of the state of Georgia, imposing a liability in the nature of a penalty, passed, for all that I can learn from the complaint, after the act of incorporation, or even after the contraction of the debt.

In this state, I am aware that liabilities imposed on stockholders by the act of incorporation, or by a general statute, have been regarded by our courts in the nature of contracts, but it does not follow that liabilities created by the legislature of another state, would be enforced here. The question is not whether they are technically regarded as contracts; but even admitting that the nature of the liability in certain cases is equivalent to that of a contract, is it such a liability that the courts of this state will invariably enforce?

In *ex parte Von Riper* (20 *Wend.* 614), the liability of a director of a New Jersey bank was recognized. The charter provided that the president and directors shall be, and continue, liable individually for the payment of any bills which they may issue or circulate. This was making them primarily liable as if they were copartners, and continued unincorporated.

In *Perkins* agt. *Church* (31 *Barb.* 84), it appeared that by the general laws of Wisconsin, stockholders in every coporation organized under the provisions of the banking act, are individually responsible for its debts.

The liabilities in both these cases can scarcely be called special. In the first, the statute providing that the president and directors should continue liable as partners; and in the second, stockholders without exception, are made liable by a general law. In the latter, however, the objection which we are now considering, was not taken. Both cases were decided at a special term.

On the whole, I am of opinion that these actions should not be entertained by the courts of this state, and being of this opinion, it is not necessary to consider the other questions raised by the demurrer.

Judgment for the defendants on the demurrer, with costs, with leave to plaintiffs to amend within twenty days, on payment of the costs of demurrer.