HENRY A. HUBER, Respondent, v. JEREMIAH CLARKE et al., Appellants.

No. 1468; April 15, 1868.

**Parties—Ordering in New.**—Where Complete Equity cannot be done to all parties before the court without the presence of other parties, the court will order these others to be brought in or dismiss the suit, the plaintiff not consenting to their being brought in, even though the point of defect of parties may not have been raised by the defendant by demurrer or answer.

**Reformation of Deed—Readiness of Plaintiff to Do Equity.**—If by mistake, as averred in the complaint, a deed through which the defendant claims included land not intended, and excluded land intended, to be conveyed, and so likewise the deed through which the plaintiff claims, wherefore the latter asks for a rectification of his deed by the defendant, while so asking the plaintiff must aver that he is ready and willing on his part to rectify the defendant's deed.

**Reformation of Deed.**—The Grantee of Land is Entitled to a Deed Precise and accurate in its terms, and, although the uncertainty be such as a court of law is able to overcome by resort to the technical rules of construction, equity will not deny relief in a case before it.

**Reformation of Deed—Extent of Relief—Awarding Possession.** Under the rule that a court of equity will not deal with a case piece-

meal, when the case is one principally for the rectification of a deed, the court may decree as thus prayed, and at the same time decree, if it is asked, possession; and this is so particularly where, as in California, the jurisdictions of law and equity are blended.

APPEAL from Third Judicial District, Santa Clara County.

W. & S. Patterson, for respondent; Jeremiah Clarke in pro. per.

See Clarke v. Huber, 25 Cal. 593, 20 Cal. 196.

SANDERSON, J.—If we regard the objection to the complaint, on the ground that the Kochs are not made parties, as falling within the provisions of the fortieth section of the Practice Act, in relation to grounds of demurrer, we should be compelled to hold that it was waived by the abandonment of the demurrer. But we do not regard the objection as constituting a ground of demurrer merely. It goes to the power of the court to grant any relief in the absence of the Kochs, and falls directly within the provisions of the seventeenth section, which provides that when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in. Courts will not require equity at the hands of a party without, at the same time, taking care that he shall also receive equity. Hence, if complete equity cannot be done to all the parties before the court, without the presence of other parties, the court will order them to be brought in, or dismiss the action if the plaintiff declines to bring them in, notwithstanding the defendant may not have raised the objection by demurrer or answer: Van Epps v. Van Deusen, 4 Paige, 75, 76; Davis v. Mayor of New York, 2 Duer, 663; State v. Mayor of New York, 3 Duer, 121; Shaver v. Brainard, 29 Barb. 25; Perkins v. Church, 31 Barb. 84. We are, therefore, properly called upon, as we consider, to determine whether the Kochs are necessary parties to a complete determination of the present controversy.

1. The plaintiff claims that, by mistake, the deed from Robles to the Kochs includes land not intended to be conveyed, and omits land which was intended to be conveyed,

and asks that it be reformed, so as to exclude the former and include the latter. If this be so, the defendant, being the grantee of Robles, with notice of the mistake, is bound in equity to correct the mistake by making a new deed, which will describe the land intended to be conveyed by the first; but he is not bound to do so, unless, at the same time, the land, which was by mistake included in the first deed, is reconveyed to him. Of this the plaintiff seems to have been aware, for he offers to convey it, in his complaint. But, unfortunately, he is not in a position to do so. The deed from the Kochs to him is not defective. It does not follow the language of the deed from Robles to the Kochs, but describes the land precisely, as the plaintiff claims, it should have been described in the deed from Robles to the Kochs. A deed, therefore, from him to the defendant, of the land erroneously included in the deed from Robles to the Kochs would convey nothing, and would not cure the mistake in favor of the defendant, but would leave his title to that portion of the land as clouded and uncertain as the title of the plaintiff now is to the portion which he seeks. Had the deed from the Kochs to the plaintiff followed the language of the deed from Robles to the Kochs, the offer of the plaintiff to convey would have been to the point, and its performance would have secured to the defendant all the compensation or protection to which he is entitled, but, as it is, such compensation—so far as the complaint now shows—can come only from the Kochs.

2. Without undertaking to say how a court of law would construe the deed from Robles to the Kochs, we are satisfied that the alleged mistake so far clouds or casts in doubt the true location of the land, as to authorize a court of·equity to correct it. The grantee of land is entitled to a deed, which is precise and accurate in its terms, and is not bound to be satisfied with one, which, by reason of its uncertainty, may involve him in litigation, or impair the market value of his title, although the uncertainty be of such a character as a court of law could overcome by a resort to the rules of construction. The mere fact that a resort to the technical rules of construction is necessary, in order to find the true location of the land, is proof that its language should be reformed, and we do not consider that a court of equity will deny relief

in such cases upon the ground that a court of law would be able to locate the land correctly, notwithstanding the mistake: Roberts v. Taliaferro, 7 Iowa, 113.

3. The point that the complaint is defective, because it is not alleged that the defendant, upon request, has refused to correct the mistake, is answered by the case of Gray v. Dougherty, 25 Cal. 266. The plaintiff's cause of action must be considered as dating from the date of the mistake, and not from the refusal of the defendant to correct it. The failure to allege a demand and refusal does not, therefore, go to the cause of action, but to the question of costs only; and, if the court becomes satisfied that the defendant would have corrected the mistake upon request, it will direct him to correct it, without costs.

4. The point that a court cannot correct a mistake in a deed, and give to the plaintiff possession of the land in the same action, is untenable. The general rule is, that a court of equity will not deal with a case by piecemeal, but will leave nothing open for future litigation, by settling the whole controversy, when it has obtained jurisdiction for any purpose; and this is so particularly if exceptions to this rule exist where law and equity are separately administered; there can be no ground for them under a system like ours, where the two jurisdictions are blended, and legal and equitable relief are both afforded in the same action, if, upon the facts, the parties, or either of them are entitled to both. If there is any sensible reason why, in a case like the present, the court should stop at the reformation of the deed, and force upon the plaintiff the necessity of bringing another action in the same court, to get possession from the defendant of the land conveyed by the deed as reformed, the learned counsel for the defendant has failed to suggest it. There is none—on the contrary, every sensible reason points the other way. If it is true of the law generally that it abhors a multiplicity of suits, much more is it true of our Code of Procedure. Its leading idea is to do away with all circumlocution offices, and to deal out, at one and the same time, not a part, but a full measure, of justice.

Under the foregoing views the points made upon the motion for new trial do not require special notice.

Judgment and order reversed, with leave to the plaintiff to amend by making the Kochs parties, or stating facts which will excuse their absence, and with directions to the court below to dismiss the action unless he does so within a reasonable time.

We concur: Crockett, J.; Rhodes, J.; Sawyer, C. J.