# N. Y. SUPERIOR COURT.

## William W. Lowry and Robert J. Lowry agt. William H. Inman.

Where an *act of the legislature of another state incorporating a bank* therein, provides that without any action against a stockholder thereof, his private property shall be bound by a judgment against the bank, and subject to execution upon such judgment, it imposes no *personal liability* whatever upon the stockholder which can be made the ground of an action against him here or elsewhere.

Such a provision in the charter is a mere regulation of the *remedy* and has no force or effect beyond the limits of that state, and the remedy being exclusive, the stockholder cannot be pursued in this state in a form and by an action different from that provided in the charter, even though it imposed a personal liability upon him.

*Special Term, June,* 1869.

THIS action is founded on a statute of the state of Georgia, and is brought by the plaintiff as creditor of "The North-Western Bank of Georgia," to enforce against the defendant, as a stockholder of the bank, an alleged liability for the debts of the bank, claimed to be imposed upon him by the following section of the act of incorporation.

"Section 18.—And be it further enacted by the authority aforesaid, that no one shall subscribe for, or own or purchase stock in said bank unless he or she be a citizen of Georgia, and one third of said stock shall be subscribed for by citizens of Georgia. The private or individual property of each stockholder, as well as their joint property, shall be liable for the redemption of the bills of said bank, and for the payment of all the debts and liabilities of the same, and when any judgment shall be obtained against said bank, and execution issued thereon, it shall be the duty of the levying officer, first to levy the same on the property of said incorporation, and to sell the same, and if the proceeds thereof shall be insufficient to pay off said execution, and the return

of said officer of no corporate property, shall be sufficient proof of the same, it shall be the duty of said officer next to levy said execution on the individual property of any stock-holder or stockholders, and sell the same until an amount is raised sufficient to pay off said execution; provided the same is not for a greater amount than the value of the stock of the stockholder whose property is levied upon, and if for a greater amount, in that case an amount equal to the amount of his stock.  And judgment obtained against said bank by any creditor shall not only bind the property of said bank, but shall also bind the individual property of each stock holder to the amount of his stock, without the necessity of bringing any suit against the stockholders, and service of a copy in substance of the declaration and process upon the president or cashier of said bank shall be adjudged sufficient service and notice, both to said bank and each stockholder therein, to render the property of said bank and the individual property of each stockholder therein subject and liable for the payment of any judgment which may be rendered against said bank; each stockholder to be liable in proportion to the amount of his stock for the entire indebtedness of said bank; and any stockholder who pays off any such execution, or part thereof, shall have the right to use and control the same *fi. fa.* against all the other stockholders, so as to collect the rateable share of each of them."

Plaintiff contends that this section of the statute incorporated in the charter, enables him as creditor of the bank, to follow defendant here and hold him responsible, individually, under our laws; defendant, on the contrary, insisting that it only gives plaintiff a remedy against his, defendant's property found within the jurisdiction of Georgia, and that there, such remedy ends.

The defendant accordingly demurs to the complaint for insufficiency in substance, and the single question to be determined is, whether the foregoing section of the charter of

the bank creates a liability which will support an action in the courts of this state.

BARLOW and HYATT, *for plaintiffs*.
ROGER A. PRYOR, *for defendant.*

McCUNN, J. Notwithstanding the doubt suggested in *Whitford* agt. *Panama Railroad Company, (*23 *N. Y.,* 465) ; and *in Patterson* agt. *Baker,* (50 *Barb.,* 432); *and the positive dictum in Bullard* agt. *Bell,* (1 *Mason,* 243); *Bank of the United States* agt. *Dallam,* (4 *Dana,* 574); *Lane* agt. *Morris,* (10 *Georgia,* 164),*and Thornton* agt. *Lane,*(11 *Georgia,*497) ; notwithstanding the adverse opinions of these very respectable authorities, I shall assume, on the precedent of *ex parte, Van Riper,* (20 *Wend.,* 616), that a statutory liability, created by the positive law of a state, is not necessarily restricted in its operation to the territory of that state; but partaking of the nature of a contract, is efficacious everywhere, if valid, according to the *lex loci contractus,* and may be asserted and enforced in any tribunal, to the jurisdiction of which the defendant may be amenable.

But, laying this difficulty out of the case, I am unable to understand, after the most attentive examination, that the above recited section imposes any *personal* liability whatever on the defendant. On the contrary, it is manifest, as well from the express provisions as from the general scope of the section, that its effect is merely to bind the *property* of the defendant, so as to subject it to execution on a judgment against the bank. And this construction, which would obviously result from the phraseology of the section, even in the absence of any negative clause, is confirmed by the provision, that the property of the stockholder may be taken under execution against the bank *without the necessity of an action against him.* We are not to assume that these words are a needless and nugatory pleonasm; we are to accept them in some sense; and if they mean anything, they are

intended to preclude the inference of a liability on the part of the stockholder to a personal action at suit of a creditor of the corporation.

No doubt the qualification was inserted for the benefit of the creditor, that he might be secured a more expeditious remedy than by action against the individual stockholder; but with its object we have no concern, while its effect is to obviate an action against the defendant.

The section, so far as it subjects the stockholder to any responsibility for the corporate debts, as well as in other important particulars, is manifestly in derogation of the common law; and by all authorities must be restrained in its operation by a strict construction (1 *Parsons on Contracts*, 143). Hence, whatever may be our speculative opinion as to the policy of the legislature in enacting the section, we are not at liberty to extend its effect beyond its literal terms, by enlarging and aggravating the liability of the stockholder; and if besides the lien imposed upon the property of the stockholder by the provisions of the section, we should so interpret it as to charge him with a personal liability, we would subject him to a burden from which, under the words of the charter, he is clearly exempt. Nor because under certain conceivable circumstances the remedy of the creditor would be illusory in the absence of a right of action against the stockholder, is it incumbent upon the courts of this state to supplement and reinforce the defective legislation of a foreign government.

The argument of inconvenience should be addressed to the legislature of Georgia, to induce an amendment of the statute, and is of no relevancy or weight with a court whose duty is simply to declare its legitimate construction (*Broom's Comm., p.* 5).

In my view, the legal construction of the section in controversy is, that it does not impose on the defendant a liability which may be made the ground of an action *in personam* against him; but that it only charges and binds his property

so as to subject it to execution in satisfaction of a judgment against the bank. The only effect of the statute, is to *bind the property* of the individual corporator, and to bind it *sub modo* only, *i. e.* by subjecting it to levy on an execution against the corporation. Surely, it is beyond the competency of this court to expand so narrow and restricted a liability into an absolute personal responsibity for the debts of the bank, which may be enforced any and every where by action *in personam* against the defendant. If it had been the design of the legislature of Georgia to charge the person as well as the property of the stockholder, they would have so provided; whereas, on the contrary, they have carefully restricted his liability to the hazard of an execution against his property, and have in terms negatived a right to redress against him by personal action.

It is evident that no action against the defendant could be founded on this statute in the courts of Georgia ; and *a fortiori* he cannot be pursued personally in the tribunals of this state.

The distinction between a personal liability capable of enforcement by action *in personam*, and a mere right of recourse against property which can be realized only by a proceeding *in rem*, is too obvious and familiar to require illustration. If any authority were needed to establish that the latter liability is insufficient to support an action, it might be found in *Melan* agt. *Duke of Fitz James*, (1 *Bos. and Pul.*, (38).

Contemplating the section under review in all its parts and provisions, I see very plainly that it is nothing else than a mode of execution prescribed by the legislature of Georgia. In its terms, the section imports no other or larger operation. Assuming a judgment already rendered against the bank at suit of a corporate creditor, it proceeds to designate in what manner and by what means that judgment shall be satisfied. And it is extremely material to observe, that in prescribing the mode of satisfaction, the phraseology of the

section is couched, not as a concession of right to the credi-
tor, but in the style of mandate to the sheriff, "it shall be
the duty," &c. In a word, by the statute, the legislature of
Georgia provided a remedy only, and imposed on its own min-
isterial officer, the duty of enforcing the remedy. Now such
a statute is of no recognition or effect beyond the territory
of the state enacting it, and any right or obligation it may
seem to imply, cannot be made the basis of action in a
foreign tribunal. As a lien upon property, it is inoperative
beyond the jurisdiction of the court. (*Story on Conf. of
Laws, sections,* 539, 546, 547; *Dewitt* agt. *Barrett,* 3 *Barb.,*
84). It relates exclusively *ad litis ordinationem,* and outside
the territory of Georgia is a mere nullity.

(*Wheaton, Inter. Law,* 139; *Story on the Confl. of Laws,*
section 556; 2 *Kent's Comm.,* 559, *Edition* 1866; *Broom's
Comm.,* 45, 46; *Westlake, Private Inter. Law, Art.* 468;
also *Art.* 166; *Watriss* agt. *Pierce,* 32 *N. H.,* 582; *Titus*
agt. *Hobart,* 5 *Mason,* 379; *Pickering* agt. *Fisk,* 6 *Verm.,*
102; *Donn* agt. *Lippman,* 5 *Cl. and Finn.,* 11.)

But apart from all this, and even though it be conceded
to the plaintiffs, that the section in dispute does impose a
liability on the defendant, which, under circumstances, might
found an action *in personam* against him, there still remains
an insuperable bar to their recovery in this action and in
this tribunal.

It is an ancient and incontrovertible principle of the com-
mon law, that when a statute creates a right, and at the
same time provides a remedy for the vindication of that
right, the party seeking to enforce the right is restricted to
the statutory remedy, and has no other redress. Chancellor
WALWORTH, thus propounds the rule in *Renwick* agt. *Morris,*
(7 *Hill.,* 575:) "When a new right is given by the statute,
and a remedy given for the violation of it, the party is con-
fined to this remedy." So Mr. Justice BRONSON, in *Stafford*
agt. *Ingersoll,* (3 *Hill.,* 40) says: "If a statute create a
right which did not exist before, and prescribes a remedy for

the violation of it, that remedy must be pursued. And Chief Justice SAVAGE, *in McKeon* agt. *Caferty*, (3 *Wend.*, 495 : " Without the aid of the statute no action at all would lie ; the statute remedy must therefore be pursued." Lord TENTERDEN, in *Rochester* agt. *Bridges*, (1 *B. and Adol.*, 847) : " When an act creates an obligation and enforces the performance in a particular manner, we take it to be a general rule, that performance cannot be enforced in any other manner." Lord CAMPBELL, C..J., in *Couch* agt. *Steele*, 3 *El.*, *and Bl.*, 44) : " In the present case, if the statute had prescribed a particular mode of recovery, undoubtedly that mode of recovery only could be adopted." To the same effect are the following cases : (*Dudley* agt. *Mahew*, 3 *N. Y.*, 9 ; *Hardmann* agt. *Brown*, 39 *N. Y.*, 196 ; *Smith* agt. *Lockwood*, 13 *Barb.*, 209 ; *The Eastern Arch, Co.*, agt. *The Queen*, 2 *El., and Bl.*; *The People* agt. *Hazard*, 4 *Hill.*, 209; *Alvey* agt. *Harriss*, 5 *John.*, 175 ; *Calkins* agt. *Baldwin*, 4 *Johns.*, 667 ; *Comyn's Digest, action on statute, C.*; *Smith on Stat. and Cons. Construction*, sections 661, 666, 667 ; *Dwarris on Stat.* 697).

The application of the rule thus expounded and illustrated, is decisive against the present action. It appears in the complaint, that the North-Western Bank of Georgia is a corporation. At common law, and independently of any statute provision, the defendant, as a stockholder, is not liable, in his private capacity, for the debts of the corporation. " Incorporated companies," says Chancellor KENT, " though constituted expressly for the purposes of trade, are not partnerships within the presumption of the law of partnership, and the stockholders are not personally responsible for the company's debts or engagements, and their property is affected only to the extent of their interest in the company. To render them personally liable, requires an express provision in the act of incorporation." (3 *Comm.*, 26 ; *An. and Am. on Corporations*, 38, *and n.* 597, 602, *and n.* 613; 1 *Parsons on Cont.*, 143 ; *Gray* agt. *Coffin*, 9 *Cush.*, 199 ;

Whatever right of recourse may exist against the defendant personally for the debts of the bank, is created by the section of the charter recited in the complaint.

But the same section, at the same time, prescribes a particular remedy for asserting the right.

The statute that imposes the liability provides a specific method of enforcing it. The right and the remedy are created together, and are inseparable; and the creditor can realize his right in no other way than as prescribed by the statute; but the present action is not the form of remedy provided by the statute; and indeed from its nature, that remedy is incapable of enforcement or execution beyond the territory of the state of Georgia. And this evidently was the intention of the legislature of Georgia, since they provided in the charter that none but citizens of Georgia should subscribe for, or own stock in the bank. *(Erickson* agt. *Nesmith,* (15 *Gray,* 221); *S. C.,* (4 *Allen,* 233), and *Summer* agt. *Marcy,* (2 *W. and M.,* 106), are explicitly in point. *Halsey* agt. *McLean,* (12 *Allen,* 438); *Drinkwater* agt. *Portland Marine Co.,* (18 *Maine.,* 35), and *Winter* agt. *Baker,* (50 *Barb.,* 432), if not direct authorities, yet establish and illustrate the principle on which this decision hinges.

The alternative and subordinate ground, on which in argument, the plaintiffs counsel attempted to substantiate the action, *i. e.* that the notice on the bank bill, to the effect "that the property of the stockholders was liable to the holders of said bills," is clearly untenable. In the first place the notice on the back of the bills, purports, in terms, to bind only the property of stockholders, and conveys no intimation of a personal responsibity. Indeed, the notice strongly corroborates that construction of the charter which excludes the inference of a right of action against the defendant.

In the second place, the notice emanates from the corporation; and the defendant, as cashier, is not chargeable with the acts and declarations of his principal.

And, finally, the indorsement on the bills has reference to the liability created and defined by the charter of the bank, of which the billholder was presumed cognizant, and cannot be construed as involving any greater liability than as is imposed by the charter or assumed by the terms of the indorsement.

On these grounds the demurrer is sustained, and judgment must be entered for the defendant, with costs.