## SUPREME COURT.

WILLIAM H. PUGH, receiver, &c., agt. FRANCIS W. HURTT.

*Foreign receivers — when may sue in the courts of this state — complaint.*

Receivers and trustees appointed in other states may sue as such in the courts of this state.

The only ground on which our courts will refuse to receivers appointed by the courts of other states the privilege of suing here, seems to be where their claim comes in conflict with the rights of creditors in this state. Our courts will not sustain the lien of foreign assignees or receivers, in opposition to a lien created by attachment under our own laws, nor extend their courtesy so far as to work detriment to citizens of our own state, who have been induced to give credit to the foreign insolvent. In other cases comity demands that they should be allowed to sue.

Where a complaint alleges that the United States Proprietary Medicine Company was a joint stock company, duly incorporated under the provisions of a statute of the state of Ohio; that at the time mentioned in the complaint the company was and still is insolvent, stating the acts of insolvency; that the act under which the company was incorporated contains a provision that.all stockholders shall be deemed and held liable to an amount equal to their stock subscribed, in addition to said stock, for the purpose of securing the creditors of said company; that the defendant was a stockholder owning shares of stock; also the due and proper appointment of the plaintiff as receiver in an action in the courts of Ohio; and an order made whereby he was directed to proceed at once to collect by suit the statutory liabilities of stockholders residing without the jurisdiction of said court by bringing suit against them in the proper courts of the states in which they reside: *held,* to be a complete statement of the cause of action.

*Special Term, November,* 1875.

DEMURRER to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action, and that the plaintiff has not legal capacity to sue.

*Mr. Burnett*, for defendant.

*Mr. Foster*, for plaintiff.

LAWRENCE, *J.* — If the plaintiff is entitled to sue in the courts of this state, I cannot see why the complaint can be said not to state facts sufficient to constitute a cause of action. The allegations of the complaint are that the United States Proprietary Medicine Company was a joint stock company, duly incorporated under the provisions of a statute of the state of Ohio ; that at the time mentioned in the complaint the said company was and still is insolvent, its debts amounting to over $100,000, which remain unpaid, and that the company has no assets.

That the act under which the said company was incorporated contains a provision that all stockholders of any joint stock company thereunder organized shall be deemed and held liable to an amount equal to their stock subscribed in addition to said stock for the purpose of securing the creditors of said company.

That the defendant, for four years prior to the times mentioned in the complaint, was a stockholder owning shares amounting, at par, to $5,900 in value.

It is then averred that in November, 1871, in a suit brought in the superior court of Cincinnati, in said state, against the company and certain of its stockholders, which suit was brought by a judgment creditor of the company on behalf of, or for the benefit of, all the creditors ; the plaintiff herein was appointed a receiver, &c., and that by an order made in said action the plaintiff was directed to proceed at once to collect, by suit, the statutory liabilities of stockholders residing without the jurisdiction of said court by bringing suit against them in the proper court of the states in which they reside.

The statement of the cause of action is complete on the face of the complaint, and the whole case turns, in my

opinion, upon the question whether the plaintiff has legal capacity to sue in the courts of this state.

The defendant relies upon the doctrine that the laws of a State have no extra territorial force, and while his counsel concedes that, by the comity of the different states, foreign receivers and trustees may sometimes be permitted to sue in the courts of this state, it is contended by him that the cases wherein such comity is extended are cases of common law rights and liabilities, and that it does not extend to actions to enforce statutory penalties or liabilities imposed by the legislature of a sister state.

Having gone over the numerous cases relied on by the counsel, I have been able to find but one case which appears to fully sustain his position, and that is the case of *Winter* agt. *Baker* (50 *Barb.*, 432), which was decided by Mr. justice CLERKE, at a special term of this court, in which that learned justice holds that, " although in this state liabilities imposed on stockholders by the act of incorporation or by a general statute have been regarded by our courts in the nature of contracts, it does not follow that all liabilities created by the legislature of another state can be enforced here." And he comes to the conclusion that a complaint was bad on demurrer which alleged that " the defendant is a stockholder in the said Mechanics' Bank, and that, under and by virtue of a law or laws of the said state of Georgia, the said defendant is liable without averring that such a law was in force at the time the debt was contracted, and without showing that the liability was founded on a contract and not a special statutory provision in the nature of a penalty." I am unable to regard this decision as controlling upon me in this case, for the reason that here the provision of the Ohio statute is set out in full, and it is a provision which, in construing similar statutes in this state, our courts have held to be in the nature of a contract, as justice CLERKE, in his opinion, concedes.

The provision, in my opinion, is not in the nature of a penalty, but a part of the liability which the defendant, as a

Pugh agt. Hurtt.

stockholder, agreed to assume at the time he became such stockholder.

Nor can I distinguish this case from *Ex parte Van Riper* (20 *Wend.*, 614), which is commented upon in the opinion in *Winter* agt. *Baker.*

The liability of the defendant here, under the Ohio statute, is just as positive as the liability of Van Riper under the statute of New Jersey, which was the subject of consideration in Van Riper's case (*see, also, Perkins* agt. *Church*, 31 *Barb.*, 84).

The true rule applicable to this case was stated by judge CLERKE, in the case of *Runk* agt. *St. John* (29 *Barb.*, 587). That was an action brought by Runk and others, as receivers, against St. John and others, to set aside a conveyance as fraudulent and void against the insolvent company of which the plaintiffs were receivers, and as against the creditors of said company.

Judge CLERKE, in his opinion, says: "The defendants' counsel denies the capacity of receivers appointed in other states and countries to sue in courts of this state. The law and proceedings of other sovereignties have not, indeed, such absolute and inherent vigor as to be efficacious here under all circumstances: But in most instances they are recognized by the courtesy of the courts of this state, and the right of foreign assignees or receivers to collect, sue for and recover the property of the individuals or corporations they represent has never been denied, except where their claim came in conflict with the rights of creditors in this state. All that has been settled by the decisions to which we have been referred on this subject, is that our courts will not sustain the lien of foreign assignees or receivers in opposition to a lien created by attachment under our own laws. In other words, we decline to extend our wonted courtesy so far as to work detriment to citizens of our own states who have been induced to give credit to the foreign insolvent."

He then goes on to say that the case at bar, not being "a

contract between foreign creditors and domestic attaching creditors," the objection taken by counsel cannot be sustained. This seems to me to be the true and only ground on which our courts have refused and should refuse to receivers appointed by the courts of other states of the union the privilege of suing here. In other cases comity demands that they should be allowed to sue. No detriment can be said, within the meaning of the case just cited, and within the meaning of the decision on which that case was decided, to result to the defendant as a citizen of this state. The plaintiff is not contending with the defendant as a creditor of the insolvent company. He is seeking to enforce the liability of the defendant as a stockholder of that company, which liability was voluntarily incurred by the defendant when he became such stockholder. In short, the plaintiff asks the intervention of this court to enable him to compel one of the citizens of this state to carry out and perform an obligation into which, of his own free will, he entered when he became a stockholder of a company organized under the laws of the state of Ohio. Instead of turning the plaintiff out of court, justice requires that comity should be invoked in his favor, and that he should be aided and assisted by this court in enforcing the defendant's liability.

The other criticisms made by the defendant's counsel, upon the complaint, would be more properly the subject of consideration on a motion to make the complaint more definite and certain.

There should be judgment for the plaintiff on the demurrer, with leave to the defendant to answer on payment of costs within ten days.